UNITED STATES of America, Appellee,

v.

Elmer Peter BLACK CLOUD, Appellant.

No. 78–1425.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1978.

Decided Jan. 11, 1979.

 

Ralph A. Vinje, Bismarck, N. D., for appellant.

James S. Hill, Asst. U. S. Atty., Fargo, N. D., for appellee; James R. Britton, U. S. Atty., Fargo, N. D., on the brief.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

Elmer Peter Black Cloud appeals from his conviction by a jury in the District of North Dakota for violation of 18 U.S.C. § 922(h)(1), the receiving of a firearm by a convicted felon. On appeal Black Cloud contends that the trial court[1] committed reversible error by failing to instruct the jury on the question of whether receipt of the firearm within the District of North Dakota was established, and by failing to answer correctly a question raised by the jury during its deliberation. We reverse and remand for a new trial.

At trial, both parties agreed by stipulation that Black Cloud had a prior felony conviction in Arizona, and that the firearm in question was transported in interstate commerce. However, the government produced conflicting evidence as to where the receipt of the firearm occurred, the question which is central to this appeal.

Black Cloud was arrested on December 3, 1977, near Fort Yates, North Dakota, on a tribal warrant for assault. At the time of the arrest, Black Cloud was sitting in an automobile, along with three other passengers, at the roadside approximately eleven miles north of the South Dakota border. The arrest was made within the Standing Rock Indian Reservation, which occupies land in both North and South Dakota. The firearm in question, a .20-gauge shotgun, was found under the front seat of the automobile in which Black Cloud was a passenger.

The government suggests that evidence of possession of the firearm by Black Cloud in the District of North Dakota is also circumstantial evidence that the receipt of the firearm was made within the District of North Dakota. Further, the government introduced the testimony of Cecil Elk, an employee of the Fort Yates Police Department, who identified the firearm in question as one which had apparently been stolen from his apartment in Fort Yates, North Dakota, during August 1977. However, other government witnesses testified that Black Cloud told them he had purchased the firearm in question in Wakpala, South Dakota.

At the close of the government's case, Black Cloud moved for a dismissal based upon the government's failure to prove that the firearm had been received in the district where the prosecution had been brought. The district court reserved ruling on this motion. Black Cloud then requested that the jury be instructed that as one of the essential elements of the offense it must be established that the receipt of the firearm by defendant occurred in the District of North Dakota. This requested in-

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota. Black Cloud was sentenced to a term of imprisonment of thirty months to be served concurrently with a previously imposed sentence.

struction was denied.[2] Although Black Cloud renewed his objection to the jury instructions, the jury received no instruction as to the fact question of where the firearm was received.

During its deliberation, the jury sent a written question to the court which asked, "Do all Federal cases on Standing Rock Reservation fall on the jurisdiction of this Federal Court?" Over the objection of Black Cloud, the court answered, "The authority of this Court to hear this matter is not dependent on the fact that the incident, if it occurred, occurred on any portion of the Standing Rock Reservation." Shortly after receiving this answer, the jury returned a verdict of guilty.

■ Black Cloud argues that the jury never actually considered the question of whether receipt of the firearm occurred in the District of North Dakota. As a result, there was no finding that venue was proper in that district. Fed.R.Crim.P. 18 provides that "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." Thus, the prosecution against Black Cloud must be in the district where the receipt of the firearm took place. See United States v. Overshon, 494 F.2d 894, 899 (8th Cir.), cert. denied, 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974).

■ The issue of proper venue can be waived. United States v. Haley, 500 F.2d 302, 305 (8th Cir. 1974); United States v. Bohle, 445 F.2d 54, 58 (7th Cir. 1971). Where lack of proper venue is apparent on the face of an indictment, venue objections are waived if not made prior to trial. United States v. Bohle, supra, 445 F.2d at 58. However, when an indictment contains a proper allegation of venue so that a defendant has no notice of a defect of venue until the government rests its case, the objection is timely if made at the close of the evi-

dence. Id.; United States v. Gross, 276 F.2d 816, 819 (2d Cir.), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960); 1 C. Wright, Federal Practice and Procedure § 306, at 600 (1969). But see United States v. Burkhart, 501 F.2d 993, 996 (6th Cir. 1974), cert. denied, 420 U.S. 946, 95 S.Ct. 1326, 43 L.Ed.2d 424 (1975). In the present case, the indictment specifically charged Black Cloud with having received the firearm in question in the District of North Dakota. Accordingly, Black Cloud's objection, made at the close of the government's case, that the government had failed to prove venue was timely and the issue of venue has not been waived for purposes of appeal.

■ The government has the burden of proving that venue is proper. United States v. Winer, 519 F.2d 256, 257 (8th Cir. 1975); United States v. Haley, supra, 500 F.2d at 304. Whether the receipt of the firearm in question occurred in the District of North Dakota, so that venue in that district was proper, was a question of fact for the jury. See Dean v. United States, 246 F.2d 335 (8th Cir. 1957); Green v. United States, 309 F.2d 852, 856–57 (5th Cir. 1962); United States v. Gillette, 189 F.2d 449 (2d Cir.), cert. denied, 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625 (1951). Compare United States v. Jenkins, 510 F.2d 495, 497–99 (2d Cir. 1975), where the court held that error, if any, in failing to submit the issue of venue to the jury was harmless because of the strong evidence on the record of proper venue. In the present case, because the jury was not instructed as to the requirement of finding where the receipt of the firearm occurred, we cannot determine whether the jury ever made this finding. Further, the question sent to the court by the jury during its deliberation arguably suggests that the jury was uncertain as to whether a factfinding as to where receipt

2. The jury instruction requested by Black Cloud further stated that the "burden is on the prosecution to establish each of these elements by proof beyond a reasonable doubt." This is an incorrect statement of the standard of proof of venue required in this circuit. Proof of ven-

ue need not be established beyond a reasonable doubt, and such proof may be circumstantial. United States v. Haley, 500 F.2d 302, 305 (8th Cir. 1974). Thus the requested instruction was incorrect and was properly refused by the district judge.

of the firearm occurred was necessary.[3] The court's answer, which implied that the court's ability to hear this case was unaffected by the actual location where any offense took place, may well have removed this question of fact from the jury's consideration.

In a criminal case, the question of venue is not merely a legal technicality but a significant matter of public policy. *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 89 L.Ed. 236 (1944). Although circumstantial evidence alone may be sufficient for a finding that venue is proper, *United States v. Haley, supra*, 500 F.2d at 305, such evidence must be properly considered by the finder of fact. In the present case, the vigorous dispute as to where the shotgun was received makes the need for clarity in the jury instruction all the more important. *See generally United States v. Overshon, supra*, 494 F.2d at 899. Although this record contains sufficient evidence on which a jury could find that receipt of the firearm in question occurred within the District of North Dakota,[4] there is no indication in the record that this essential finding was actually made. We conclude that under the circumstances the jury should have been instructed that the government had the burden of proving receipt of the shotgun in North Dakota by a preponderance of the evidence.

Accordingly, the judgment denying motion for acquittal is affirmed, the denial of the motion for a new trial is reversed, and the case is remanded for a new trial.

---

3. The court advised counsel that in view of the wording of the indictment counsel could argue receipt or lack of receipt of the weapon in North Dakota. We have not been furnished a transcript of the arguments but counsel advised us the issue was argued to the jury.

4. Appellant's alternative request for judgment of acquittal upon the grounds that the trial court did not have subject matter jurisdiction does not merit discussion.