UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph George MASSA,
Defendant-Appellant.

No. 81–2265.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 17, 1982.

Decided Aug. 11, 1982.

Andrew B. Baker, Asst. U. S. Atty., David T. Ready, U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Martin H. Kinney, Merrillville, Ind., for defendant-appellant.

Before SWYGERT, Senior Circuit Judge, and WOOD and CUDAHY, Circuit Judges.

SWYGERT, Senior Circuit Judge.

The issue presented in this appeal is whether the failure to give a venue instruction in this criminal case constitutes error. We hold that there was no error and affirm the conviction.

The defendant, Joseph George Massa, was indicted on five counts of presenting fraudulent tax returns as claims for tax refunds, in violation of 18 U.S.C. § 287. The indictment alleged that the returns were prepared, signed, and mailed in the Northern District of Indiana.

Evidence at trial established that in 1977 Massa contracted with Local 1014 of the United States Steel Workers, Gary Works, to manage a tax preparation program for union members. Union members brought their financial records to the union hall in early 1978, where the returns were prepared by Massa's trainees. An original and two copies of each return were prepared. The original was filed with the Internal Revenue Service, one copy went to the union member, and one copy was retained by Massa. Massa kept the copies of the 1977 returns at his office in Merrillville, Indiana.

Massa apparently used these 1977 returns to prepare 1979 tax refund returns with altered W-2 forms attached which were purportedly prepared by United States Steel Corporation. Each return bore the name, or a reasonably close approximation of the name, of a Local 1014 member whose 1977 return had been prepared by Massa. Each return bore the true Social Security number of the union member. The signatures on the returns were forgeries.

In April 1980 the Internal Revenue Service detected irregularities in five 1979 returns at the Memphis Service Center. Three of the five returns listed the same Gary, Indiana address; the name on one matched that of a taxpayer who had already filed a return; and one matched the address on an already-filed return. The addresses on all of the questioned returns belonged to people the defendant knew. Two of the addresses used were of friends whose returns had been prepared at Massa's Merrillville office.

The questioned returns had handwritten, handprinted, and typewritten portions.

These were compared at trial with exemplars obtained from Massa. A Treasury Department documents examiner testified that the handwritten and handprinted portions of the returns either exactly matched the exemplars or there was a high degree of probability that they were written by the same person. He also stated that the typewritten portions of the questioned returns were made from the same machine as that from which Massa provided an exemplar. Massa stated in an interview with a Treasury Department agent that he generally typed his clients' tax returns in his Merrillville office on an electric Smith-Corona typewriter that he had owned for about two years; that he had never taken the typewriter from Lake County, Indiana; and that he could not remember loaning the typewriter to anyone.[1] He also stated that no one with access to the typewriter also had access to the Local 1014 returns.

After a two-day trial, Massa was found guilty on all counts. The district court sentenced him to five-year sentences on Counts I through IV, to run concurrently, and five years probation on Count V.

Massa argues that his conviction should be overturned because the Government failed to prove venue. In the alternative, Massa contends that even if the evidence on venue was sufficient, the district court erred in refusing to tender a venue instruction to the jury.

Proof of venue is an essential element of the Government's case. *United States v. Kampiles*, 609 F.2d 1233, 1238 (7th Cir. 1979), *cert. denied*, 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980). It may be established either by direct or circumstantial evidence. *United States v. Aldridge*, 484 F.2d 655, 659 (7th Cir. 1973), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1423, 39 L.Ed.2d 477 (1974), and *cert. denied*, 415 U.S. 922, 94 S.Ct. 1423, 39 L.Ed.2d 477 (1974). Furthermore, unlike other elements of a crime which must be proved beyond a

---

1. Massa was interviewed several times by Treasury Agent Heckard, and at one point suggested that he might have loaned the electric typewriter to his sister. The Government called Massa's sister, Geraldine Schwartz, as a witness and she stated that she did borrow a typewriter from Massa, but it was a manual typewriter.

reasonable doubt, venue need only be proved by a preponderance of the evidence. *United States v. Kampiles,* 609 F.2d 1233, 1239 (7th Cir. 1979), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980).

Massa was charged with violating 18 U.S.C. § 287[2] by presenting fraudulent tax refund claims to the Government. Rule 18 of the Federal Rules of Criminal Procedure requires that prosecution for a crime must occur where the offense was committed.[3] Thus, in this case venue lies in either the judicial district where the fraudulent claims were prepared or mailed, or where the claims were presented. The Government here chose to prosecute where it alleged the fraudulent claims were prepared, in Merrillville, Indiana, which is within the Northern District of Indiana.

■ Viewing the evidence in the light most favorable to the Government, we have no doubt that the Government presented sufficient evidence to establish venue in the Northern District of Indiana. Massa normally prepared returns at his office in Merrillville; the records of the 1977 union returns which must have been used to prepare the 1979 fraudulent returns were stored in Massa's Merrillville office; and the typewriter used on some portions of the fraudulent returns was in the Merrillville office and had never, to Massa's knowledge, been removed from Lake County, Indiana. This evidence was sufficient to establish venue.

■ Massa's objection to the district court's failure to give a venue instruction poses a more difficult question. At the close of the Government's case Massa moved for acquittal on the basis that the Government had failed to establish venue. Both Massa and the Government tendered instructions which included venue as an element of the instructions.[4] The court rejected all instructions of the parties and substituted its own. Both Massa and the Government objected to the court's failure to give a venue instruction,[5] but the court overruled these objections. The basis for the court's ruling was that the instructions included venue because reference was made to the indictment when the court defined the elements of the offense. Because the

---

**2.** 18 U.S.C. § 287 provides:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

**3.** Rule 18 provides:

Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

Fed.R.Crim.P. 18.

**4.** The venue instruction tendered by Massa mistakenly stated the burden of proof required to establish venue as proof beyond a reasonable doubt, rather than a preponderance of the evidence, and therefore was properly rejected by the court. *See United States v. Kampiles,* 609 F.2d 1233, 1238–39 (7th Cir. 1979), *cert. denied,* 446 U.S. 954, 100 S.Ct. 2923, 64 L.Ed.2d 812 (1980). Massa's objection to the court's instructions, however, was framed not in terms of the court's failure to give the instruction requested by Massa, but rather in terms of the failure of the court's instructions to refer to the district where the alleged criminal ·act was committed. *See* n.5 *infra.*

**5.** The Government's contention that Massa waived this point by failing to object to the lack of a venue instruction is flatly contradicted by the record. Massa's counsel stated his objection to the court's instructions as follows:

Mr. Kinney: The Defendant objects to the Court's instruction number 6, which lists the essential elements the Government is required to prove beyond a reasonable doubt, for the reason that that instruction does not include the necessary element that the Defendant either prepared, signed, and mailed the false claims on each count, or caused the preparation, signing and mailing of the false claims on each count, in the Northern District of Indiana.

Tr. at 302. The Government states in its brief that the defendant "made no mention of venue at all." Appellee's Brief at 9. Such disingenuous argument is no aid to this court in its analysis of this issue and, furthermore, is the basis for urging this court to apply the doctrine of plain error to this case, where to do so would be plainly inappropriate.

indictment, which was read to the jury, included the allegation that the fraudulent returns were prepared in the Northern District of Indiana, the court concluded that venue was thereby incorporated in the instructions.[6]

As we noted above, venue is an essential element which the Government must prove in every criminal case. This requirement is rooted in Article III of the Constitution, which declares that "the trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed . . . ,"[7] and in the Sixth Amendment, which states that, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . . ."[8] The venue provisions in the Constitution have been variously described as insuring that an accused not stand trial far from where he resides, or that he not stand trial far from where the crime was committed. *Travis v. United States*, 364 U.S. 631, 634, 81 S.Ct. 358, 360, 5 L.Ed.2d 340 (1961); *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944); *United States v. Passodelis*, 615 F.2d 975, 977 (3d Cir. 1980). Thus, venue questions in criminal cases "are not merely matters of formal legal procedure. They raise deep issues of public policy . . . ." *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944).

Various circuits have reached opposite conclusions when confronted with the issue of whether failure to give a venue instruction when requested by the defendant constitutes reversible error. In *United States v. Boswell*, 372 F.2d 781 (4th Cir.), *cert. denied*, 387 U.S. 919, 87 S.Ct. 2033, 18 L.Ed.2d 972 (1967), the Fourth Circuit reviewed the refusal to give a specific venue instruction in a conspiracy case. It was alleged that the conspiracy had been formed and several overt acts had occurred in the district where venue was alleged. The court held that a specific venue instruction was unnecessary because in order to find that a conspiracy existed, the jury had to find that the conspiracy was formed in the district where venue was alleged. Furthermore, the jury had been instructed to determine whether a conspiracy existed as charged in the indictment. The Fourth Circuit held that this incorporated the issue of venue into the jury's instructions: "Where the indictment itself locates the place of formation of the conspiracy, we think a general instruction is sufficient with respect to the venue question." 372 F.2d at 783.

In contrast, the Eighth Circuit in *United States v. Black Cloud*, 590 F.2d 270 (8th Cir. 1979), reversed a conviction for failure to give a venue instruction. In that case, however, venue was clearly a disputed issue throughout the case, in part because of the contradictory evidence presented by the Government, and was the subject of a motion to dismiss.[9] The defense tendered a venue instruction which misstated the burden-of-proof and, therefore, was properly denied, but the defense also objected to the

---

**6.** The court's ruling on the Government and defense objections was stated as follows:

> The Government objected to the Court's refusal to give number 11. The objection is overruled.
>
> The Defense objected to the Court's number 6 on the basis that it did not include the element that the Defendant prepared excessive segments. However if you will study the elements, and as both the Fifth and Third Circuit[s] have held in this kind of a case, and in the Seventh by inference, it says as charged in the indictment. It brings the indictment into that instruction, and the objection is overruled.

Tr. at 307.

**7.** U.S.Const. art. III, § 2, cl. 3.

**8.** U.S.Const. amend. VI.

**9.** The defendant was charged with violation of 18 U.S.C. § 922(h)(1), the receiving of a firearm by a convicted felon. The Government presented evidence that this occurred in North Dakota by showing (1) the defendant was arrested with the firearm in North Dakota and (2) the testimony of a witness who identified the firearm as one stolen from North Dakota. Other Government witnesses, however, testified that the defendant told them he had bought the firearm in a South Dakota town.

refusal of the trial court to give any venue instruction. The Eighth Circuit noted that venue is an issue of fact for the jury and is not a mere technicality. The court found that although the facts in evidence in that case might have been sufficient to establish venue, "there is no indication in the record that this essential finding was actually made." 590 F.2d at 273. Because venue had been in "vigorous dispute," the issue should have been submitted to the jury.

Similarly, the Fifth Circuit held in *Green v. United States*, 309 F.2d 852 (5th Cir. 1962), that the trial court erred in refusing to submit the issue of venue to the jury. In that case an indictment was returned in the Northern District of Florida charging a conspiracy of twenty-three acts, twenty-two of which were alleged to have occurred in the Southern District of Florida. The trial court refused to instruct the jury that it had to find that the act of the conspiracy alleged to have occurred in the Northern District indeed occurred there. Furthermore, the court instructed the jury that only one overt act needed to be proved to establish the conspiracy. The jury could, therefore, have returned a guilty verdict without the Government ever having proved venue. The court found that such a result directly implicated the policy concerns at the heart of the venue requirement and thus held that it was error not to submit the issue of venue to the jury. 309 F.2d at 856–57.

Several circuits also have dealt with the failure to give a venue instruction in situations where a venue instruction was never tendered or when no objection was made to the failure to give a venue instruction. *United States v. Grammatikos*, 633 .F.2d 1013 (2d Cir. 1980); *United States v. White*, 611 F.2d 531 (5th Cir.), *cert. denied*, 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980); *United States v. Jenkins*, 510 F.2d 495 (2d Cir. 1975); *United States v. Honneus*, 508 F.2d 566 (1st Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975); *Bellard v. United States*, 356 F.2d 437 (5th Cir.), *cert. denied*, 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966). Because the venue issue was not preserved for appeal, these cases addressed only the question whether the lack of a venue instruction was plain error. FED.R. CRIM.P. 52. The answer in all those cases was that it was not. This conclusion most commonly rested on the judgment that the evidence was more than sufficient to establish venue.[10] An additional factor, often cited, was the reading of the indictment in the jury charge, which incorporated reference to the district where the crime occurred.[11] The analysis of the issue is fundamentally changed, and error does exist, however, when venue is in issue and objection to the lack of instruction is properly made to the trial court. *United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir. 1980); *United States v. White*, 611 F.2d 531, 536 (5th Cir.), *cert. denied*, 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980); *United States v. Honneus*, 508 F.2d 566, 571 (1st Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975).

■ These cases demonstrate that where venue is in issue, an instruction should be given. This is particularly true when an instruction is proffered or the defendant objects to the lack of an instruction, thereby calling the issue to the attention of the district court. But where venue is not in issue, no court has ever held that a venue instruction must be given. Although venue is an essential element which the Government must prove, it is an element more akin to jurisdiction than to the substantive elements of the crime. *See United States v. White*, 611 F.2d 531, 536 (5th Cir.), *cert.*

---

**10.** *United States v. Grammatikos*, 633 F.2d 1013, 1023 (2d Cir. 1980); *United States v. White*, 611 F.2d 531, 537 (5th Cir.), *cert. denied*, 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980); *United States v. Jenkins*, 510 F.2d 495, 498 (2d Cir. 1975); *Bellard v. United States*, 356 F.2d 437, 438–39 (5th Cir.), *cert. denied*, 385 U.S. 856, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966).

**11.** *United States v. White*, 611 F.2d 531, 536 (5th Cir.), *cert. denied*, 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980); *United States v. Jenkins*, 510 F.2d 495, 498 (2d Cir. 1975).

*denied,* 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980). It is therefore particularly suited to determination by the court as a matter of law where venue is not disputed and the Government presents sufficient evidence of venue to meet the preponderance of the evidence standard.

In the instant case, the court properly determined that venue had been established as a matter of law, and therefore the court did not err in refusing to submit the issue of venue to the jury. As we noted, the Government presented sufficient evidence to establish proof of venue. This evidence admittedly was circumstantial, but it unerringly pointed to the commission of the crime at the Merrillville office of the defendant, located in the Northern District of Indiana. No evidence presented by the Government placed Massa, or the commission of the crime, in any other location.

Massa did not contest venue by presenting any contrary evidence. Rather, he moved for acquittal and requested a jury instruction on the basis that venue had not been proved. Although the motion and the instruction request certainly put the district court on notice that Massa thought venue was in issue,[12] Massa was not thereby entitled to a venue instruction. Rather, he was entitled to due consideration by the trial court of the question he had raised. The record indicates that the trial court carefully considered Massa's motion, but concluded that the evidence established a "strong inference" that venue existed in the Northern District of Indiana. The court did not err, therefore, in denying a specific venue instruction where the issue of venue was not disputed.[13]

The conviction is AFFIRMED.

**12.** Because both Massa and the Government requested a venue instruction and objected to the court's lack of a specific venue instruction, the trial court should have exercised extra caution in denying the requested instruction. *See United States v. Barclay,* 560 F.2d 812, 814 n.2 (7th Cir. 1977). There is every indication from the record that the trial court did indeed carefully scrutinize the instruction request.

**13.** Had venue been disputed and an instruction requested, a specific venue instruction would have been proper. The trial court suggested in this case that it would be sufficient to read the indictment to submit the issue to the jury. Because this would not sufficiently direct the jury to resolving a factual issue if one existed, it would be the better practice to submit a specific instruction where venue is disputed. Here, no instruction was required because venue was not, based on the evidence in the record, disputed.