UNITED STATES of America, Appellee,

v.

Charles NETZ, Jr., Appellant.

No. 84–1865.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1985.

Decided April 12, 1985.

Gerald M. Handley, Kansas City, Mo., for appellant.

Linda L. Sybrant, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Charles E. Netz, Jr., appeals from a final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict finding him guilty of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of importing cocaine in violation of 21 U.S.C. § 952(a). The district court sentenced appellant to a term of ten years imprisonment and a special parole term of three years for the importing count, suspended imposition of sentence for the possession count but imposed a term of four years probation for that count to follow the sentence for the importing count. For reversal appellant argues that the district court erred in (1) denying his motion for judgment of acquittal, (2) giving an aiding and abetting instruction in connection with the importing count, (3) denying his motion for mistrial following an improper statement by the government attorney during closing argument, and (4) refusing to give a proffered venue instruction. For the reasons discussed below, we affirm the judgment of the district court.

On December 22, 1983, a shipment of furniture arrived at the Miami International Airport on Lloyd Aereo Boliviano (Air Bolivia) from Bolivia. Customs officials inspected the shipment using a dog trained to detect controlled substances. After the dog indicated to its handler that the shipment contained controlled substances, customs officials opened the shipment and discovered a white powdery substance inside one of the pieces of furniture. The substance was field tested and was later determined to be cocaine. The shipping documents showed that the furniture had been prepaid for delivery to a Mrs. Charles Netz in Warrensburg, Missouri.

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

A week later, at the request of federal law enforcement authorities, Air Bolivia officials sent a letter to appellant at the address shown on the shipping documents informing him that the furniture had arrived in the United States but needed to be repacked. Appellant called Air Bolivia and arranged to have the furniture repacked by a Miami firm. Appellant paid for the repacking by purchasing a money order and sending it to the Miami firm. On January 9, 1984, the furniture was shipped to Kansas City, Missouri. On January 11, 1984, appellant took delivery of the shipment at the Kansas City International Airport. Federal law enforcement agents observed appellant as he loaded the furniture onto a truck, purchased a saw and a padlock, rented a storage unit in a local facility, unloaded the furniture, and stored it in the storage unit. After several minutes federal law enforcement agents entered the storage unit facility and saw appellant standing outside storage unit 1030. One of the federal law enforcement agents observed a jacket lying on a table inside the storage unit and noticed a clear plastic bag containing a white powdery substance sticking out of one of the jacket pockets. At this point the federal law enforcement agents arrested appellant. During the search incident to arrest, the federal law enforcement agents seized two keys for the padlock and a registered mail receipt for a package appellant had mailed to someone named "Scott Whelan" in Santa Cruz, Bolivia.

The federal law enforcement agents then obtained a search warrant for the storage unit. Inside the storage unit the federal law enforcement agents discovered a table which had been dismantled and from which something had been removed (according to the government's theory of the case, this was the plastic bag of cocaine found in appellant's jacket pocket), a saw, a padlock, a hammer, a crowbar, and several other pieces of furniture. The federal law enforcement agents dismantled the furniture and found more cocaine concealed inside the furniture. The total amount of cocaine seized was approximately 3.58 pounds. The federal law enforcement agents also found inside the coffee table a note which read "Please, my Scott's friend, don't know about this. I think to go there soon. Please wait for me. Your friend."

Appellant did not testify at trial. The theory of the defense was that the shipment of furniture had been a gift and that appellant had known nothing about its contents. The jury found appellant guilty of importing cocaine and possession with intent to distribute. This appeal followed.

 Appellant first argues that the district court erred in denying his motion for judgment of acquittal on the importing count. Appellant argues that there was insufficient evidence to support the conclusion that he knowingly and intentionally imported cocaine. We disagree. "Appellate review of a denial of a motion for judgment of acquittal is guided by familiar principles. We must examine the evidence in the light most favorable to the government and must give the government the benefit of all reasonable inferences that may logically be drawn from the evidence." *United States v. Anziano*, 606 F.2d 242, 244 (8th Cir.1979) (per curiam). Thus, a motion for judgment of acquittal should be granted only where "the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v. Stephenson*, 474 F.2d 1353, 1355 (5th Cir.1973) (emphasis in original). We have carefully reviewed the record and hold the district court did not err in denying the motion for judgment of acquittal on the importing count. The record evidence was clearly sufficient to warrant its submission to the jury and to support the jury verdict finding appellant guilty of importing cocaine.

Appellant next argues that the district court erred in giving an aiding and abetting instruction in connection with the importing count. Appellant argues that aiding and abetting was not specified in the indictment and that there was insufficient evidence to

warrant the giving of an aiding and abetting instruction to the jury. We disagree. First, we have previously rejected the argument that "aiding and abetting is a separate offense which must be specifically charged." *United States v. Beardslee,* 609 F.2d 914, 919 (8th Cir.1979), *cert. denied,* 444 U.S. 1090, 100 S.Ct. 1053, 62 L.Ed.2d 778 (1980). Second, we hold that there was sufficient evidence upon which the jury could have found appellant guilty as an aider and abettor. Appellant knew about the unlawful venture, affirmatively associated himself with it and knowingly participated in it. *E.g., United States v. Brim,* 630 F.2d 1307, 1311 (8th Cir.1980), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981).

Appellant next argues that the district court erred in denying his motion for mistrial following an improper statement by the government attorney during closing argument. During closing argument the government attorney stated: "Ladies and gentlemen, as you have heard mentioned a number of times, it's necessary for the United States to prove this case beyond a reasonable doubt. That's a standard you don't have to be concerned about in this case, because there is no question about the defendant's guilt." Appellant argues that the government attorney improperly told the jury not to apply the reasonable doubt standard. The government argues that the statement did not tell the jury to disregard the reasonable doubt standard but instead referred to the overwhelming strength of the government's case. Defense counsel objected to the government attorney's statement and requested a mistrial. The district court denied the motion for mistrial but immediately cautioned the jury about the government's burden of proof beyond a reasonable doubt.

■■■ Although the government attorney's statement acknowledged the government's burden of proof beyond a reasonable doubt, the balance of the statement suggested that the jury could disregard that standard of proof because the defendant was clearly guilty. Such a suggestion

and an expression of personal opinion by the government attorney is improper. *See, e.g., United States v. Young,* — U.S. —, —, 105 S.Ct. 1038, 1042, 84 L.Ed.2d 1 (1985) (plain error analysis), *citing* ABA Standards for Criminal Justice 3–5.8(b) (2d ed. 1980). We hold, however, that the improper statement does not require reversal. Here, the district court promptly instructed the jury to disregard the government attorney's statement and cautioned the jury at some length about the government's burden to prove each element of the offenses charged beyond a reasonable doubt. In addition, as noted earlier, there was substantial evidence of guilt in the record. *See, e.g., United States v. Rogers,* 549 F.2d 490, 494 (8th Cir.1976) (improper closing argument held harmless error), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2182, 53 L.Ed.2d 229 (1977).

Appellant next argues that the district court erred in refusing his proffered venue instruction. Appellant also argues that there was insufficient evidence to establish that venue for the importing count was proper in the Western District of Missouri. Appellant argues that the crime of importing was committed in the Southern District of Florida and should have been prosecuted in that district. *See, e.g., United States v. Black Cloud,* 590 F.2d 270, 271–73 (8th Cir.1979); *see* Fed.R.Crim.P. 18 ("Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed.").

■■■ The government first argues that appellant waived the issue of proper venue because it was not raised until after the close of the government's case. We disagree. As noted in *United States v. Black Cloud,* 590 F.2d at 272 (citations omitted),

[t]he issue of proper venue can be waived. Where lack of proper venue is apparent on the face of an indictment, venue objections are waived if not made prior to trial. However, when an indictment contains a proper allegation of venue so that a defendant has no notice of a defect of venue until the government

rests its case, the objection is timely if made at the close of the evidence.

Here, not only was the issue of proper venue raised by the defense prior to trial at the omnibus hearing before the magistrate, the indictment specifically charged appellant with importing cocaine in the Western District of Missouri. Accordingly, appellant's objection at the close of the government's case, in the form of a motion for judgment of acquittal based in part on the government's failure to prove venue, was timely and the issue of venue has not been waived for purposes of appeal.

■■■ "In a criminal case, the question of venue is not merely a legal technicality but a significant matter of public policy." *Id.* at 273, *citing United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944); *see also United States v. Massa*, 686 F.2d 526, 529 (7th Cir.1982). "Proof of venue is an essential element of the Government's case. It may be established either by direct or circumstantial evidence.... [U]nlike other elements of a crime which must be proved beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence." *United States v. Massa*, 686 F.2d at 527–28 (citations omitted); *see also United States v. Black Cloud*, 590 F.2d at 272 & n. 2. In addition, we note that "importation of a controlled substance in violation of 21 U.S.C. § 952(a) is a 'continuous crime' that is not complete until the controlled substance reaches its final destination point, and ... venue is proper in any district along the way." *United States v. Gray*, 626 F.2d 494, 498 (5th Cir.1980) (citing with approval *United States v. Jackson*, 482 F.2d 1167 (10th Cir.1973), *cert. denied*, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974)), *cert. denied*, 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981).

■■■ We hold that there was sufficient evidence to establish venue for the importing count in the Western District of Missouri. In the present case the shipment of furniture first entered the United States in Florida; however, according to the shipping documents, its final destination point was Warrensburg, Missouri, and appellant took delivery of the furniture in Kansas City, Missouri. The government could have prosecuted appellant on the importing count in the Southern District of Florida, but chose instead to do so in the Western District of Missouri.

■■■ The district court properly rejected appellant's proffered venue instruction because that instruction incorrectly asked the jury to determine whether the importing crime occurred in Florida or in the Western District of Missouri. As noted earlier, importing controlled substances is a continuous crime and venue is proper in any district en route. *E.g., United States v. Gray*, 626 F.2d at 498. Whether the district court erred in failing to give any venue instruction, however, is a closer question. We believe the better practice would be to submit a specific venue instruction where venue is disputed. *See United States v. Massa*, 686 F.2d at 530–31 & n. 13; *United States v. Black Cloud*, 590 F.2d at 272–73; *cf. United States v. Grammatikos*, 633 F.2d 1013, 1023 (2d Cir.1980) (district court would not have abused its discretion in refusing correct and timely venue instruction in light of substantial evidence of proper venue).

However, "where venue is not in issue, no court has ever held that a venue instruction must be given." *United States v. Massa*, 686 F.2d at 530. In the present case the district court refused to give a venue instruction because it had determined as a matter of law that there was no factual dispute about venue. The district court found that the government had presented sufficient evidence of venue to satisfy the preponderance of evidence standard and noted that appellant had not disputed the government's evidence establishing venue by presenting any contrary evidence. Given the record evidence establishing the existence of venue in the Western District of Missouri in the present case, we hold the district court properly decided the issue of venue as a matter of law and therefore did not err in refusing to give a specific venue instruction. *Id.* at 531.

Accordingly, the judgment of the district court is affirmed.