815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Winston Roy MARTIN, a/k/a Marcus, Defendant--Appellant.
 No. 86-5604.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 5, 1987.
Decided March 25, 1987.
 
 Before HALL, Circuit Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.
 Larry A. Pochucha (Smith & Pochucha, on brief), for appellant.
 William G. Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Gregory Welsh, Assistant United States Attorney; Todd Holliday, Student Assistant to the United States Attorney, on brief), for appellee.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Winston Roy Martin appeals his convictions of several offenses relating to the importation and possession for distribution of marijuana over a several-year period. Martin was charged in an 11-count indictment with conspiracy to import marijuana, in violation of 21 U.S.C. Sec. 963; conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Sec. 846; engaging in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848; four counts of importing marijuana in violation of 21 U.S.C. Sec.Sec. 952 and 960; four counts of possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841, and aiding and abetting in the importation and distribution.
 
 
 2
 A jury found Martin guilty in nine of the eleven counts. It acquitted him of charges of importing and possessing marijuana with regard to a shipment that took place in May 1982.
 
 
 3
 Martin makes numerous allegations of error. First, he challenges the legal sufficiency of the evidence to uphold his convictions on several of the counts. We agree with Martin that the evidence was insufficient as to counts 8 and 9 on which the court had suspended the imposition of sentence. Count 8 of the indictment charged Martin with importation of approximately 1200 pounds of marijuana into the eastern district of Virginia through the southern district of Florida from a foreign country during July 1983. Count 9 charged him with possession with intent to distribute the marijuana in Gum Tree, Virginia.
 
 
 4
 The only evidence about Martin during the time period relating to the July 1983 shipment was the following: computer records introduced by a United States Customs agent showing that martin had entered the United States at Miami, Florida, on June 28, 1983, and on July 12, 1983; testimony by an Internal Revenue Service special agent that Martin's passport indicated that he had landed in Jamaica on August 9, 1983; and testimony by a participant in the July 1983 shipment that Martin attended a party in Gum Tree, Virginia, on August 7, 1983, and that Martin's reason for being in Virginia was "normally to collect money."
 
 
 5
 No evidence directly linked Martin in any way to the July shipment. His entrance into the country establishes no relationship to the importation of the marijuana. Nor can he be convicted of aiding and abetting. None of the evidence showed that Martin "knowingly associated himself with and participated in the criminal venture." United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983). Mere association with the other alleged participants is not sufficient. Because there was not substantial evidence, taking the view most favorable to the government, to support the verdicts, Martin's convictions in counts 8 and 9 must be reversed. See Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 6
 Martin challenges his conviction of engaging in a continuing criminal enterprise on several grounds. He first contends that the court erred in its charge to the jury concerning the first element of the offense, the Sec. 848(b)(1) predicate felony violation of the federal narcotics laws.
 
 
 7
 In order to convict a defendant of engaging in a continuing criminal enterprise under 21 U.S.C. Sec. 848, the government must prove that he 1) committed a felony violation of the federal narcotics laws; 2) as part of a continuing series of violations; 3) in concert with five or more persons; 4) for whom the defendant is an organizer or supervisor; and 5) that the defendant derived substantial income or resources from the enterprise. United States v. Lurz, 666 F.2d 69, 75 (4th Cir. 1981). The court charged the jury that in order to find the predicate felony required by Sec.848(b)(1), it must "find the defendant guilty of one of the other charges in Counts One, Two, or Four through Eleven of the indictment." Martin argues that the court erred in including count 2, the conspiracy charge under 21 U.S.C. Sec. 846.
 
 
 8
 Martin did not object to this charge, and therefore he is not entitled to raise it on appeal. Fed. R. Crim. P. 30; United States v. Bryant, 612 F.2d 799, 803 (4th Cir. 1979). In any event, the instruction was correct. See United States v. Ricks, 802 F.2d 731, 737 (4th Cir. 1986) (en banc). In addition, any one of the four remaining substantive counts (counts 6, 7, 10, and 11) was sufficient to satisfy the Sec.848(b)(1) predicate offense requirement. United States v. Sterling, 742 F.2d 521, 526-27 (9th Cir. 1984).
 
 
 9
 Martin's argument that the government did not show the required series of violations under Sec.848(b)(2) must fail for the same reason. The same substantive convictions could properly be considered by the jury in determining whether the series element had been met. See Sterling, 742 F.2d at 526.
 
 
 10
 Martin next contends that the government failed to prove that he acted in a managerial capacity over five or more individuals. In a related argument, he contends that the court's instruction to the jury concerning this element improperly usurped the jury's function of applying the ordinary meaning to the terms.
 
 
 11
 Section 848 requires the government to show that Martin organized or supervised or managed at least five other individuals. It does not have to prove he was the single ringleader. United States v. Phillips, 664 F.2d 971, 1034 (5th Cir. 1981). Martin need not have had personal contact with each nor the same relationship with each person. United States v. Dickey, 736 F.2d 571, 587 (10th Cir. 1984). Viewing the evidence in its entirety, there was sufficient evidence for the jury to conclude Martin played such a role. The evidence showed that Martin bribed Jamaican officials to allow boats loaded with marijuana to leave the harbor. Martin paid Jamaican farmers to grow the marijuana. He was present when laborers loaded the marijuana he supplied onto the boats, and the jury could reasonably infer that he supervised their work.
 
 
 12
 There was no error in the charge. The court correctly instructed the jury that it should "give the words 'organizer, supervisor, or manager' their everyday, ordinary meaning." The court further stated:
 
 
 13
 in considering whether the defendant occupied an organizational, supervisory, or managerial relationship with respect to the five or more persons, you should consider evidence that might distinguish the defendant's position from that of an underling in the enterprise. Did the defendant negotiate large-scale purchases or sales of the narcotics? Did he make arrangements for transportation or money washing? Did he instruct the participants in the transactions? These inquiries are not conclusive. They are simply the kind of questions you should ask yourselves in thinking about the defendant's role in these activities and his relationship with other persons involved in them.
 
 
 14
 The court also instructed the jury that it must decide unanimously which five or more individuals Martin organized or managed. Martin's contention that the example "Did the defendant negotiate large-scale purchases or sales of narcotics?" was tantamount to a directed finding on the element is unfounded.
 
 
 15
 Martin's final contention concerning the continuing criminal enterprise conviction is that the government failed to prove that he received substantial income or resources from the enterprise. This argument also must fail.
 
 
 16
 Circumstantial evidence may suffice to prove receipt of substantial income. Phillips, 664 F.2d at 1035. A variety of factors may be considered by the trier of fact. Dickey, 736 F.2d at 588. For example, evidence of the quantity of drugs moving in and out of a defendant's possession has been found to justify a jury's conclusion that he received large income from his drug business. See United States v. Webster, 639 F.2d 174, 182 (4th Cir. 1981). See also United States v. Sisca, 503 F.2d 1337, 1346 (2d Cir. 1974) (evidence of defendant's position in the distribution network, the substantial sums of money changing hands and substantial anticipated profit was sufficient for jury to find substantial income derived from enterprise). Evidence before the jury included proof of large amounts of marijuana and the typical price per pound paid for the grades. Offloaders testified to receiving large cash payments. Others testified about the usual percent of profit made by one in Martin's role. There was ample evidence from which the jury could find that Martin derived substantial income from the enterprise. Martin's conviction of engaging in a continuing criminal enterprise must be sustained.
 
 
 17
 The district court sentenced Martin to five years' imprisonment on count 2, to run concurrently with a ten-year sentence on the continuing criminal enterprise count. Because Congress did not intend that a person should be punished under both Sec.846 and Sec. 848, Martin's sentence on count 2 must be set aside. See Jeffers v. United States, 432 U.S. 137, 156-57 (1977) (plurality opinion); Garrett v. United States, 471 U.S. 773, 794 (1985).
 
 
 18
 Contrary to Martin's assertion, the district court did not err by refusing to submit the issues of venue and variance to the jury. The conspirators procured marijuana in Jamaica, shipped it to Florida, and transported it to Virginia for distribution. Martin frequently came to Virginia to receive payment for his services in Jamaica. Although he was not told of the exact location of the stash house, he knew it was in the area. The importation was a continuous offense subject to prosecution in virginia, and the district court correctly held that the government had proved venue as a matter of law. United States v. Massa, 686 F.2d 526, 530-31 (7th Cir. 1982).
 
 
 19
 We find no error in the court's refusal to give Martin's requested instruction that in order to find Martin guilty of the conspiracies charged in counts 1 (importation) and 2 (possession with intent to distribute) it had to find beyond a reasonable doubt that each was a single conspiracy rather than two or more separate conspiracies. The evidence disclosed a single conspiracy with respect to each count. The conspirators joined to further a common design, distribution of marijuana imported from Jamaica. Because there was no variance between indictment and proof, a multiple conspiracy instruction was unwarranted. See United States v. Towers, 775 F.2d 184, 189-90 (7th Cir. 1985).
 
 
 20
 Martin's final contention is that the court erred in admitting the testimony of Harry Stiles, an investigator with the sheriff's department in Brazera County, Texas. Stiles testified about negotiations he conducted with Martin for purchase of marijuana unrelated to any of the charges in the indictment. Although the deal was never completed, Stiles testified, among other things, that Martin told him that he could supply marijuana and that he had Jamaican airstrips available and Jamaican police on his payroll.
 
 
 21
 Martin's statements to Stiles were clearly relevant under Fed. R. Evid. 401. The district court did not abuse its discretion in concluding that the probative value of the evidence outweighed the danger of unfair prejudice. Fed. R. Evid. 403; United States v. Ranney, 719 F.2d 1183, 1188 (1st Cir. 1983).
 
 
 22
 The parts of the judgment convicting Martin of the charges in counts 8 and 9 are vacated. The sentence imposed on count 2 is set aside. In all other respects the judgment is affirmed.