# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1322
_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin Tyler Gentry

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 10, 2025
Filed: November 12, 2025
_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.
_____

LOKEN, Circuit Judge.

In October 2021, Department of Homeland Security Special Agent Aaron Simon downloaded prepubescent child pornography videos that were traced to a device with an IP address at Benjamin Tyler Gentry's residence in Boone, Iowa. At the time of the downloads, Gentry resided at this address with his girlfriend and her minor child, who were both out of town during that period. During a warrant search

of the home in March 2022, officers seized an iPhone, a Samsung tablet, and two firearms. Gentry denied knowing the password to the Samsung device.

After investigators bypassed the Samsung tablet's security, a forensic search revealed 181 images of mostly prepubescent child pornography in unallocated space on the device.[1] The images, deleted before the search, had been stored locally on the device between January 2020 and two days before it was seized. Nearly every application -- including BitTorrent, which is used to obtain child pornography -- was linked to Gentry's email address. Analysts also discovered search terms associated with child pornography in the tablet's web history. Gentry admitted to investigators that he accessed and downloaded pornography of minors as young as 14.

A Southern District of Iowa grand jury indicted Gentry, a convicted felon, on three counts of receipt and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), (a)(5)(B), and (b)(2), and with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Gentry pleaded guilty only to the felon in possession charge. The child pornography charges proceeded to a jury trial. At the close of the government's case, Gentry moved for judgment of acquittal on all three counts:

> Taking the facts presented . . . in the light most favorable to the Government . . . we don't believe that the Government has shown sufficiently that Mr. Gentry *had knowledge about these images* that were allegedly found . . . on the [Samsung] tablet device. And so, *for that, we would make our motion for judgment of acquittal*.

---

[1] "Unallocated space" is the term used for information on a device's hard drive that has not been assigned or allocated to active files. A file in unallocated space was once physically on the device but was then deleted.

(Emphasis added.) The district court[2] denied the motion:

> The only contested element or aspect of an element appears to be knowing receipt. . . . At this time, there is more than sufficient evidence for a reasonable jury to conclude the defendant is guilty of all three counts.

After denying the motion, the court asked if there was "[a]ny additional record in that regard." Gentry replied that there was not.

After the jury convicted Gentry of the three receipt and possession charges, he filed written motions for judgment of acquittal and a new trial, arguing that "no reasonable jury could find beyond a reasonable doubt the defendant knew that within the thousands of images and videos he was downloading there was child pornography present." The district court denied the motion: "Overwhelming evidence, including search engine queries directly related to child pornography, supports the jury's guilty verdicts on each count." The court then granted the government's motion to dismiss without prejudice the two convictions for possession of child pornography because they are lesser included offenses of the receipt conviction and sentenced Gentry to 168 months imprisonment.

At sentencing, in discussing Gentry's objections to the Presentence Investigation Report (PSR), defense counsel agreed with the court that "the facts [in the PSR] are consistent with what was admitted at trial," but Gentry "is still maintaining . . . his objection about knowledge, his objection about whether . . . any of the alleged child pornography was downloaded in the Southern District of Iowa for jurisdiction." The court then asked, "are there any other objections that need to be addressed by the Court?" Defense counsel replied, "I don't think so, Judge." Asked

---

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

by the court, Gentry then agreed that "[a]side from the specific objections you've made, the [PSR] report is factually accurate or correct." The court then found that "[a]ll of the information presented at trial is consistent with the information set forth in the offense conduct section" of the PSR and overruled Gentry's objections to those paragraphs.

Gentry appeals the denial of his motions for judgment of acquittal. On appeal, he argues for the first time that no evidence was presented permitting a reasonable jury to find, by a preponderance of the evidence, that the *locus delicti* or place of the crime of knowingly receiving the child pornography occurred in the Southern District of Iowa. Instead, the government merely inferred venue for the receipt offense from the seizure of deleted files on the Samsung device in Gentry's possession in the Southern District of Iowa, without proof that he knowingly received (downloaded) any of the child pornography videos in that district. We need not address his claims because, applying our venue precedents, we agree with the government that Gentry waived this issue in the district court. We therefore affirm.

**Discussion**

"Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure. A federal crime may be prosecuted in any district in which such offense began, continued, or was completed." United States v. Mink, 9 F.4th 590, 601 (8th Cir. 2021) (quotation omitted). "Venue is a fact which must be proved at the trial . . . [and] the government has the burden of proving that the criminal activity took place in the district where the prosecution was undertaken." United States v. Morrissey, 895 F.3d 541, 550 (8th Cir. 2018) (cleaned up). But venue is an "essential element" of a criminal case, not an "'essential element' of an offense." Therefore, venue does not need to be proven beyond a reasonable doubt; it can be waived, and a court does not commit error by failing to instruct on it unless it is in issue. Id. at 551-52.

-4-

Though a question for the jury if disputed, "proof of venue may be so clear in some cases that the failure to instruct on the issue is not reversible error." United States v. Moeckly, 769 F.2d 453, 461 (8th Cir. 1985), cert. denied 476 U.S. 1104 (1986); see United States v. Romero, 150 F.3d 821, 826 (8th Cir. 1998). As with other fact questions, circumstantial evidence can establish venue. United States v. Netz, 758 F.2d 1308, 1312 (8th Cir. 1985) (citation omitted).

When a defendant fails to object to venue before, during, or at the conclusion of trial, he either waives the right to object to venue or forfeits it. If the defendant "has no notice of a defect of venue until the government rests its case, the objection is timely if made at the close of the evidence." United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir. 1979). Absent evidence the defendant expressly or intentionally abandoned his right to object to venue, "we construe such inadvertent failure as forfeiture and review the challenge on appeal for plain error." Mink, 9 F.4th at 601; see United States v. McCorkle, 688 F.3d 518, 522-23 (8th Cir. 2012) (no plain error because the theft of government funds in Illinois was completed when the checks were cashed in Iowa).

In this case, Gentry neither moved for a change of venue before trial nor objected to venue in the Southern District of Iowa at trial. His motion for judgment of acquittal at the close of the government's case never mentioned venue, nor any jurisdictional issue. The motion clearly stated that it concerned the alleged lack of evidence that Gentry "knowingly receive[d] or distribute[d]" child pornography, an element of the charged 18 U.S.C. § 2252A offense.

Nor did Gentry explicitly raise any issue regarding venue at any other time before, during, or after trial. The jury need only consider the question of venue "if in issue." Mink, 9 F.4th at 602. Gentry did not request that the jury be instructed to consider venue, either in the joint proposed jury instructions or in discussing proposed instructions with the court. He did not object to the final jury instructions,

which did not include a venue instruction. Likewise, his post-trial motion for judgment of acquittal again argued the alleged lack of evidence of knowing receipt or possession but never raised any claim relating to any other issue, including venue or jurisdiction. The motion was denied and the case proceeded to sentencing.

Gentry's objections to the PSR also raised no issue regarding venue. At the sentencing hearing, defense counsel stated that Gentry "is still maintaining . . . his objection about knowledge, his objection about whether, you know, any of the alleged child pornography was downloaded in the Southern District of Iowa for jurisdiction." Jurisdiction of course is distinct from appropriate venue. The word "venue" is not to be found in the sentencing transcript.

When a defendant has heard trial testimony that child pornography images that were found on his device may have been received when he and the device were in another district but fails to raise the issue of venue at the close of evidence, he has "waived any objection to improper venue, and thus venue cannot be reviewed on appeal." Morrissey, 895 F.3d at 550-51. "Because [Gentry] raised specific challenges [in his motion for acquittal] -- but made no mention of venue -- he waived any defect in venue." Id. at 551 n.6. (citation omitted).

On appeal, Gentry argues he did not waive his right to address venue on appeal because his motions for judgment of acquittal "specifically identified sufficiency of the evidence" as the issue:

> Venue is an essential element of the crime alleged and must be sufficiently proven, even if to the lower burden of preponderance of the evidence. . . . Mr. Gentry moved for judgment of acquittal specifically on the mens rea knowledge element and impliedly on the remaining elements which also require sufficient proof.

-6-

As we have explained, this contention is simply contrary to controlling Eighth Circuit precedents. First, venue is *not* an essential element *of the crime alleged*. It is an "essential element" of a criminal case, not an "'essential element' of an offense." Morrissey, 895 F.3d at 551-52. Defense counsel acknowledged this in the district court -- when the court denied Gentry's initial acquittal motion, it stated that "the only contested element *or aspect of an element* appears to be knowing receipt" and when asked if there was "[a]ny additional record in that regard," defense counsel replied there was not. Knowing that venue is a fact requiring the government to prove by a preponderance of the evidence "that the criminal activity took place in the district where the prosecution was undertaken," Gentry's failure to raise the issue at that time was an affirmative act of waiver. Morrissey, 895 F.3d at 550 (quotations omitted).

Second, an acquittal motion based on the knowingly element *of the crime* does not "impliedly" include the remaining elements of the crime, and certainly does not encompass the sufficiency of the evidence to prove venue, which is not an element of the crime. "Because he raised specific challenges [in his motion for acquittal] -- but made no mention of venue -- he waived any defect in venue." Id. at 551 n.6.

Gentry acknowledges that he chose not to "specifically present[] this issue" and argues that he should be allowed to let the issue "quietly pass" during the trial so as to not "alert" the government (or the court) to the alleged venue deficiency. His "trial strategy" was to wait until after the child pornography convictions were dismissed -- because there was clearly evidence that he *possessed* in the Southern District of Iowa child pornography videos that were deleted from the Samsung device two days before the device was seized at his home -- and after the government no longer had the ability to establish that he *received* one or more of the videos in the Southern District of Iowa with additional trial evidence. This is further indication of waiver.

Under 18 U.S.C. § 3237(a), "any offense . . . begun in one district and completed in another, or committed in more than one district, may be inquired of and

prosecuted in any district in which such offense was begun, *continued*, or completed" (emphasis added). A crime is a continuing offense if it "involv[es] . . . transportation in interstate or foreign commerce" and "may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves." § 3237(a). Venue is proper "in any district along the way." Netz, 758 F.2d at 1312. "[W]here a crime consists of distinct parts which have different localities, the whole may be tried where any part can be proved to have been done." United States v. Rodriguez-Moreno, 526 U.S. 275, 281 (1999) (quotation omitted). Thus, Gentry's decision not to raise the issue before this appeal is affirmative evidence he waived the issue. His suggestion that the district court should have raised and decided the issue in response to his acquittal motions is without merit. The court explicitly asked if there were additional sufficiency issues. Defense counsel chose not to disclose this issue. We will not now disturb the jury verdict for an argument waived below and raised for the first time on appeal.

On appeal, the government argues that, under 18 U.S.C. § 3237(a), there was sufficient evidence that Gentry received child pornography images deleted from his Samsung device in the Southern District of Iowa under Supreme Court and Eighth Circuit venue precedents because 18 U.S.C. § 2252A(a)(2) is an offense involving "transport[ation] in interstate or foreign commerce,"[3] and downloading child pornography through applications such as BitTorrent involves interstate commerce,

_____

[3]As relevant here, 18 USC § 2252A provides (emphasis added):

"**(a)** Any person who . . . **(2)** knowingly receives or distributes --

\* \* \* \* \*

**(B)** any material that contains child pornography *using any means or facility of interstate or foreign commerce or that has been . . .transported in or affecting interstate or foreign commerce by any means . . .* shall be punished as provided in subsection (b).

-8-

as the jury found in its verdict.  See United States v. Cameron, 699 F.3d 621, 636 (1st Cir. 2012).  Therefore, the government argues, Gentry both possessed and received the child pornography videos found on his Samsung device in the Southern District of Iowa, even if he downloaded and stored the videos when the devices were located in another district and then brought the devices to the Southern District of Iowa where they were seized.  This is a venue issue of first impression in this circuit.  We would review for plain error if Gentry's failure to raise an objection to venue was inadvertent and therefore the issue is forfeiture.  But Gentry affirmatively waived the issue, so we leave this rather complex question for another day.

For the foregoing reasons, the judgment of the district court is affirmed.

_____