UNITED STATES of America, Appellee,

v.

Nick MELIA, Appellant.

No. 83–5055.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 1, 1983.

Decided Aug. 15, 1984.

David S. Golub, Leora Herrmann, Silver, Golub & Sandak, Stamford, Conn., on brief, for appellant.

Samuel T. Currin, U.S. Atty., Raleigh, N.C., Louis M. Fischer, Atty., Dept. of Justice, Washington, D.C., on brief, for appellee.

Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Nick Melia, convicted of receiving, concealing, and selling stolen jewelry that had moved in interstate commerce in violation of 18 U.S.C. § 2315,[1] appeals the district

court's judgment on the ground of improper venue. We affirm because prosecution in North Carolina was authorized by 18 U.S.C. § 3237(a).

The record discloses that thieves stole the jewelry, valued at $600,000, in North Carolina and transported it to Ohio and thence to Melia's home in Connecticut. Melia, a fence, knowing that the jewelry was stolen, received, concealed, and sold it in Connecticut. At the conclusion of the government's case, Melia moved for acquittal on the ground of improper venue. The district court denied the motion, holding that Melia had waived the right to challenge venue by not raising the objection before trial.[2]

We hesitate to affirm on the ground of waiver. The rule that the objection must be made before trial applies only when the defect is apparent on the face of the indictment. *See* 2 C. Wright, *Federal Practice & Procedure* § 306, at 221–22 (1982). Otherwise, the objection can be made at the close of all the evidence. *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir.1979). There was no defective allegation of venue in Melia's indictment.

As an alternative ground for upholding venue in North Carolina, the government asserts that venue for the prosecution of a violation of § 2315 is governed by 18 U.S.C. § 3237(a), which deals with offenses begun in one district and completed in another.[3]

---

1. The pertinent part of 18 U.S.C. § 2315 provides:

 Whoever receives, conceals, . . . sells, or disposes of any goods . . . of the value of $5,000 or more . . . moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen [shall be punished].

2. This case is before us for the third time. *See United States v. Chinchic*, 655 F.2d 547 (4th Cir.1981) (reversed and remanded for a new trial because of improper joinder with defendants who had committed a different burglary); *United States v. Melia*, 691 F.2d 672 (4th Cir. 1982) (reversed and remanded for a new trial because of the admission of prejudicial evidence).

3. 18 U.S.C. § 3237(a) provides:

 Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

 Any offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves.

The legislative history supports the government's position. Section 2315, enacted as a part of a 1948 recodification, is derived almost verbatim from § 416 of title 18 of the 1940 edition of the United States Code.

Section 418 of the 1940 Code provides that any person violating § 416 may be tried "in any district from, into, or through which such goods ... have been transported or removed." Consequently, it is clear that under the 1940 Code the government could have prosecuted Melia in North Carolina.

In the recodification of 1948, Congress eliminated § 418 and enacted § 3237. The recodification of 1948 and the enactment of § 3237 were not intended to change the law pertaining to venue of a prosecution for the receipt, concealment, and disposition of stolen goods transported in interstate commerce. The House report on the recodification explained: "Section 418 of title 18 U.S.C., 1940 ed., relating to venue, was omitted as completely covered by section 3237 of this title." H.R.Rep. No. 304, 80th Cong., 1st Sess. A146 (1947). The legislative history is also reviewed, albeit in a different context, in *United States v. Hankish,* 502 F.2d 71, 73–76 (4th Cir.1974), and *United States v. DeKunchak,* 467 F.2d 432, 437–38 (2d Cir.1972).

In answer to the government's position, Melia insists that the receipt of stolen goods is a single act and the crime must be prosecuted where the receipt occurs unless the proof establishes that the defendant participated in removal of the goods from the district where the theft occurred. He relies on *United States v. Black Cloud,* 590 F.2d 270 (8th Cir.1979); *Jenkins v. United States,* 392 F.2d 303, 305–06 (10th Cir.1968); and *United States v. Bozza,* 365 F.2d 206, 220–21 (2d Cir.1966).

These cases do not require reversal of Melia's conviction. Neither *Jenkins* nor *Black Cloud* dealt with the relationship between §§ 2315 and 3237(a). In neither case did the government rely on § 3237(a). *Bozza* did consider § 3237(a) in determining venue for the prosecution of theft of stamps stolen from post offices and their transportation in interstate commerce. The court, however, did not advert to the legislative history, which explains, as noted above, the application of § 3237(a) to a prosecution under § 2315.

Melia also argues that he had a constitutional right to be tried only in Connecticut, where he received the goods. He relies on Article III, which guarantees trial in the state where the crime was committed, and the sixth amendment, which provides for a jury from the state in which the crime was committed.

 Melia's constitutional argument lacks merit. Congress may constitutionally enact a statute for venue "in any criminal court of the United States through which a process of wrongdoing moves." *United States v. Johnson,* 323 U.S. 273, 276, 65 S.Ct. 249, 251, 89 L.Ed. 236 (1944). To convict Melia of violating § 2315, the government, through a North Carolina witness, proved the theft in that state. It also traced the jewelry through Ohio and into Connecticut, where Melia, knowing it had been stolen, received and sold it. In the meantime, he participated in the concealment that the thieves had initiated in North Carolina. Section 3237(a) was enacted, as we have shown, to deal precisely with this interstate "process of wrongdoing." As *Johnson* explains, application of this statute to the facts of this case is not prohibited by the Constitution. *See also Armour Packing Co. v. United States,* 209 U.S. 56, 77, 28 S.Ct. 428, 433, 52 L.Ed. 681 (1908).

Because the facts and legal arguments are adequately presented in the briefs and record, we dispense with oral argument. The judgment of the district court is affirmed.