816 F.2d 674
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Edward FORD, Defendant-Appellant.
 No. 86-5164.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1987.
Decided April 8, 1987.
 
 Before HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 John H. Hare, Federal Public Defender's Office, on brief, for appellant.
 Vinton D. Lide, United States Attorney, Eric Wm. Ruschky, Office of the United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Johnny E. Ford appeals his conviction for sending a threatening letter in violation of 18 U.S.C. Secs. 876, 3237 and 2. Ford claims that venue was improper in South Carolina, where his trial took place, and that the district court should have granted his motion to dismiss the indictment on that basis. We find that venue was proper in South Carolina and affirm the conviction.
 
 
 2
 The evidence presented at Ford's trial showed that in 1984 Ford was confined for some time in the Navy brig at the naval base in Charleston, South Carolina. Two other inmates of the brig, William Wodora and Gary Rodriquez, were facing drug charges after having sold cocaine to an informant named Claude Gordon, who was working with the Naval Investigative Service. Wodora and Rodriquez formulated a letter to Gordon which threatened him with death if he testified as scheduled "at some upcoming court martials" in Charleston. Wodora's undisputed testimony was that Ford wrote out the letter in his handwriting as a favor, because he was unconnected with Wodora and Rodriquez and they thought he would not be questioned about the letter. Ford then gave the letter to Lawrence Harkey, an inmate who was being discharged, and asked him to mail it, to avoid the possibility of the letter being opened and read by the brig personnel. Harkey took the letter home to China Grove, North Carolina, where his mother mailed it for him. The letter was addressed to C. Gordon in Cocoa Beach, Florida.
 
 
 3
 Ford moved to dismiss for improper venue after all the evidence was presented in his trial. The issue of venue had been raised for the first time during a recess in Ford's trial by counsel for Rodriquez, who was being tried separately. The trial judge heard arguments from both counsel and denied both motions.
 
 
 4
 Ford again argues here that venue would have been proper in North Carolina, where the letter was mailed, or in Florida, where the letter was received, but was not proper in South Carolina.
 
 
 5
 The government contends that Ford waived his right to object to venue by failing to raise the issue before trial. However, an objection to venue must be made before trial only where defective venue is obvious from the face of the indictment, i.e., where even if the government proved the facts alleged in the indictment, venue would be improper. United States v. Melia, 741 F.2d 70, 71 (4th Cir.1984), cert. denied, --- U.S. ----, 53 U.S.L.W. 3852 (June 3, 1985); United States v. Black Cloud, 590 F.2d 270, 272 (8th Cir.1979). If the indictment makes an allegation of proper venue, an objection that venue has not been proved can be made at the close of the government's case. United States v. Melia, 741 F.2d at 71. Therefore, Ford's motion was timely.
 
 
 6
 The relevant portion of Sec. 876 reads as follows:
 
 
 7
 Whoever knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon, any communication ... containing ... any threat to injure the person of the addressee ... shall be fined ... or imprisoned .... (emphasis added)
 
 
 8
 The revision notes to this section state that provisions as to the district of trial for this offense are covered by 18 U.S.C. Sec. 3237. That section provides that:
 
 
 9
 (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
 
 
 10
 Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.
 
 
 11
 Ford maintains that the offense in this case did not occur until the letter was mailed in North Carolina. We agree with the district court that where an intermediary who takes no part in the offense is used to get the criminal mailed matter into the mail, venue is proper in the district where the defendant's last act occurred in the commission of the offense, that is, where he gave the matter to be mailed to the intermediary, thereby causing it to be mailed and delivered. See United States v. Blecker, 657 F.2d 629, 633 (4th Cir.1981), cert. denied, 454 U.S. 1150 (1982). Under 18 U.S.C. Sec. 3237(a), an offense involving use of the mails is a continuing offense, and may be prosecuted in the district in which the offense was begun. The second paragraph of Sec. 3237(a) does not restrict, for offenses involving use of the mails, the broad venue provisions of the first paragraph, but only creates an alternative venue to facilitate prosecution of these offenses. United States v. Cashin, 281 F.2d 669 (2d Cir.1960). Therefore, we find that venue was proper in this case in South Carolina where the threatening letter was conceived and written and where it was handed over by Ford to an intermediary for mailing and delivery.
 
 
 12
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.