**UNITED STATES of America**

v.

**Victor Manuel GERENA, et al.**

**Crim. No. H–85–50 (TEC).**

United States District Court,
D. Connecticut.

March 23, 1989.

Albert E. Dabrowski, Carmen E. Van Kirk, John A. Danaher, III, Leonard C. Boyle, Asst. U.S. Attys., Stanley A. Twardy, Jr., U.S. Atty., David D. Buvinger, William J. Corcoran, Trial Attys., U.S. Dept. of Justice, Hartford, Conn., for U.S.

Linda Backiel, Hartford, Conn., for Antonio Camacho–Negron.

Leonard I. Weinglass, New York City, for Juan Segarra–Palmer.

Roberto Maldonado–Rivera, Hartford, Conn., pro se.

James Bergenn, Shipman & Goodwin, Hartford, Conn., for Carlos Ayes–Suarez.

Juan R. Acevedo, Hartford, Conn., for Norman Ramirez Talavera.

## RULING ON DEFENDANTS' MOTIONS FOR JUDGMENT OF ACQUITTAL

CLARIE, Senior District Judge.

The trial of Antonio Camacho–Negron, Juan Segarra–Palmer, Roberto Maldonado–Rivera, Carlos Ayes–Suarez, and Norman Ramirez–Talavera began on October 11, 1988. The government rested on March 16, 1989. The defendants have moved for judgment of acquittal on Counts 1, 12, 13, 16 and 17. Of the sundry challenges raised, only one, the venue issue pertaining to Counts 12 and 13, warrants extended consideration. For the reasons set forth herein, the Court concludes that venue is properly laid in this district. Additionally, the Court has reviewed the remaining challenges raised in the defendants' motions for judgment of acquittal and finds them to be without merit. The defendants' motions for judgment of acquittal are accordingly DENIED.

 The right of criminal defendants to be tried in the district where the crime was committed is guaranteed by Article III of the United States Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure. *United States v. Davis*, 666 F.2d 195, 198–99 (4th Cir.1982). Although the government must demonstrate that a case has been brought in the proper jurisdiction, it is not necessary to prove venue beyond a reasonable doubt. Rather, the government need only prove by a preponderance of the evidence that venue is proper. *United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir. 1980). Further, venue may be established by circumstantial evidence. *Id.* In the instant case, the question for this Court is whether the prosecution proved by a preponderance of the evidence that the crimes alleged in Counts 12 and 13 occurred within the District of Connecticut.

The government alleges in Count 10 that on September 12, 1983, Juan Segarra–Palmer and others not presently on trial transported stolen Wells Fargo money from the Wells Fargo depot in West Hartford, Connecticut to Massachusetts. Count 12 alleges foreign transportation of stolen Wells Fargo money from Connecticut to Mexico, between September 12, 1983, and March 27, 1984. Count 13 alleges the foreign transportation of stolen Wells Fargo money from Connecticut to Mexico, between September 12, 1983, and September 23, 1984.

 On November 20, 1986, this Court ruled that Counts 10 through 13 adequately define separate, distinct acts. *Ruling On Isaac Camacho Negron's Motion To Dismiss Counts Ten Through Thirteen Or To Compel Election–Multiplicity* (hereinafter "November 20, 1986 Ruling"). In so holding, the Court, for multiplicity purposes, noted that Count 10 and the time period alleged did not charge the same acts of transportation as Count 11, 12 or 13. The Court similarly held that Count 12 is distinct from Count 13. The distinction was made in light of the defense's claim that the overlapping time periods charged in these counts meant that identical conduct was alleged in different counts. The November 20, 1986 Ruling pertains only to the issue of multiplicity and therefore does not establish a "rule of the case." For this reason, the November 20, 1986 Ruling is inapposite to the matter at hand. Venue is a jurisdictional concept that deals with the place where a court may exercise its power. It is not an element of the substantive offense charged. *United States v. Griley*, 814 F.2d 967, 973 (4th Cir.1987). As such, the defendant's reliance on the Ruling of November 20, 1986, is misplaced.

The parties agree that the venue issue is controlled by 18 U.S.C. Sec. 3237(a), which states:

(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

Section 3237(a) is comprised of two paragraphs. The first paragraph is derived from a statute originally adopted in 1867 as part of a section defining conspiracy. *See* Act of March 2, 1867, sec. 30, 14 Stat. 484; C. Wright, *Federal Practice and Procedure:* Criminal 2d Sec. 303, at 202 (1987). The second paragraph of section 3237(a) was added in the 1948 revision of the Criminal Code. It dictates that transportation in interstate or foreign commerce is a "continuing offense" that may be "prosecuted in any district *from,* through, or into *which" stolen property moves.* The Reviser's Notes to the statute explain that the second paragraph, which defines a continuing offense, was added in response to *United States v. Johnson,* 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944). There, the United States Supreme Court held that a prosecution for mailing dentures in violation of the Federal Denture Act, which contained no specific venue provision, could be had only in the district from which they were sent. *Id.* at 277, 65 S.Ct. at 251. The *Johnson* Court, however, recognized that

> [b]y utilizing the doctrine of a continuing offense, Congress may, to be sure, provide that the locality of a crime shall extend over the whole area through which force propelled by an offender operates. Thus, an illegal use of . . . instruments of commerce may subject the user to prosecution in the district where he sent the goods, or in the district of their arrival, or in any intervening district.

*Id.* at 275, 65 S.Ct. at 250. Congress responded four years later by adding the second paragraph to 18 U.S.C. Sec. 3237(a), thus removing "all doubt as to the venue of continuing offenses...." *See* Reviser's Notes to 18 U.S.C. Sec. 3237(a). Turning to the instant matter, venue is clearly established in the District of Connecticut if the government proves that the stolen money came *from* the Wells Fargo depot in West Hartford, Connecticut.

Several appellate court decisions support this analysis. In *United States v. De-Kunchak,* 467 F.2d 432 (2d Cir.1972), the defendant's criminal conduct, receiving stolen property in violation of 18 U.S.C. 2315 [1], occurred either in New Jersey or the Southern District of New York. The case, however, was tried in the Eastern District of New York. The Second Circuit held that venue was properly established in the Eastern District because receiving stolen property was a "continuing offense." *Id.* at 437.

In rejecting the defendant's claim that he had committed a "one step" crime in either New Jersey or the Southern District of New York, the *DeKunchak* court distinguished *United States v. Bozza,* 365 F.2d 206 (2d Cir.1966), wherein the Second Circuit had relied upon the first paragraph of the venue statute to find that receiving stolen property was a "one step" crime. The Second Circuit expressly ruled in *De-Kunchak* that once a defendant is part of a continuing offense under the second paragraph of section 3237(a), it is irrelevant, for venue purposes, whether he is "considered to have been a principal or an accessary in the continuing offense...." *Id.* at 438–39.

A similar dispostion was reached in *United States v. Infanti,* 474 F.2d 522 (2d Cir. 1973). There, four stock certificates were stolen, possibly from a location in the Southern District of New York. The defendants were convicted of foreign transportation of stolen property, in violation of 18 U.S.C. Secs. 2314 and 2, in the Southern District of New York. The *Infanti* court affirmed venue in the Southern District even though the defendants purchased airline tickets in New Jersey, flew from the

---

**1.** The appellant in *DeKunchak* did not raise a venue challenge to his conviction on Count II, which charged interstate transportation of sto-

len property, a violation of 18 U.S.C. Secs. 2314 and 2.

Eastern District of New York to Europe, and returned to the Eastern District of New York, where they were immediately arrested.

In rejecting the appellants' venue claims, Judge Oakes in *Infanti* stated that one could infer that a co-defendant's office was in Manhattan from his letterhead, and that the stolen property was "at some time in his possession there, since [he] made arrangements under which the [stolen certificates] were to be delivered." *Id.* at 527. The *Infanti* court expressly held that the second paragraph of section 3237(a) "permits venue to be laid 'in any district *from,* through or into which' foreign commerce moves." *Id.* (emphasis in original)

The defendants stress that the court in *Infanti* acknowledged "[t]he venue question presents some difficulty...." *Id.* A closer reading of *Infanti* reveals, however, that venue was problematic solely because it was not clear whether the property was stolen from a location in the district where the case was tried. The court therefore reviewed the evidence adduced at trial, and concluded that "[t]here was a sufficient basis for the finder of fact to conclude that the stolen certificates were at one point located in Manhattan...." *Id.* The problem facing the *Infanti* court is not present in the case at hand. Here, there is no dispute that the stolen property came *from* the Wells Fargo depot and was "at one point located", *id.*, in Connecticut.

The Fourth Circuit Court of Appeals has similarly held that the continuing offense doctrine greatly increases the number of districts in which venue is properly laid. In *United States v. Hankish,* 502 F.2d 71 (4th Cir.1974), two defendants were convicted of violating 18 U.S.C. Secs. 2314 and 659. The court held that venue was properly laid in the Southern District of West Virginia. The facts in *Hankish* are relatively straightforward. A tractor trailer shipment carrying 1,456 cases of Stroh's beer from Detroit to a distributing company in Huntington, West Virginia (Southern District of West Virginia), was stolen while in transit. The defendant Hankish agreed to purchase the stolen beer. He asked that it

be brought from Huntington to Wheeling, West Virginia (Northern District). Upon arrival in Wheeling, a co-defendant drove the stolen tractor trailer containing the beer into Ohio. However, the truck broke down in Ohio, and the stolen property was returned to Wheeling, where Hankish purchased the beer.

Hankish and a co-defendant were convicted in the Southern District of West Virginia. Count Two of the indictment charged the two defendants with transporting the beer in interstate commerce, with knowledge that it was stolen, in violation of 18 U.S.C. Sec. 659. Count Three charged Hankish with transporting the stolen tractor trailer in interstate commerce, with knowledge that it was stolen, in violation of 18 U.S.C. Section 2314. *Id.* at 72–73. Significantly, there was no evidence that Hankish ever set foot in the Southern District of West Virginia.

On appeal, the Fourth Circuit affirmed the convictions, holding that venue was properly laid in the Southern District of West Virginia. In applying the second paragraph of section 3237(a), the *Hankish* court noted that because "the stolen trailer was transported ...from the Southern District ...through the Northern District ...into the Southern District of Ohio[,] venue would lie in any one of the three districts." *Id.* at 73. In short, the court found that "the prosecution was properly brought in the ...district in which the illegal transportation originated." *Id.* at 76.

The venue principle known as "continuing offense", acknowledged by the Supreme Court in *Johnson,* 323 U.S. at 275, 65 S.Ct. at 250, and codified four years later in the second paragraph of section 3237(a), was also applied in *United States v. Melia,* 741 F.2d 70 (4th Cir.1984), *cert. denied,* 471 U.S. 1135, 105 S.Ct. 2674, 86 L.Ed.2d 693 (1985). There, thieves stole jewelry, valued at $600,000, in North Carolina and transported it to Ohio and ultimately to the defendant's home in Connecticut. Melia, a fence, knowing the jewelry was stolen, received, concealed, and sold it in Connecticut, all in violation of 18 U.S.C. Sec. 2315. *Id.* at 71.

The defendant in *Melia* argued that because the receipt of stolen goods constitutes a single act, prosecution must be where the receipt occurs unless the defendant participated in the removal of the goods from the district where the theft occurred. *Id.* at 72. In rejecting the defendant's venue challenge, the Fourth Circuit first determined that the receipt of stolen goods transported in interstate commerce is a continuing offense governed by section 3237(a). Specifically, the *Melia* court explained that

> [t]o convict Melia of violating section 2315, the government ...proved the theft in [North Carolina]. It also traced the jewelry through Ohio and into Connecticut, where Melia, knowing it had been stolen, received and sold it....Section 3237(a) was enacted ...to deal precisely with this interstate *"process of wrongdoing."*

*Id.* (emphasis added). The *Melia* court reached this conclusion after having examined the legislative history of the venue statute, just as the courts in *DeKunchak* and *Hankish* had done previously. Additionally, the *Bozza* decision was challenged precisely because the court failed to consider the legislative history of the venue statute.

■ Turning to the facts at hand, both Counts 12 and 13 of the Superceding Indictment allege that the offense of interstate transportation of stolen property began on September 12, 1983, in the District of Connecticut. It is irrelevant, therefore, for venue purposes, that Antonio Camacho–Negron or Roberto Maldonado–Rivera may not have been in Connecticut, or that they, along with Segarra–Palmer, could have transported the stolen money from the Boston area to Mexico without passing through the District of Connecticut via the Massachusetts Turnpike and Interstate 87 in upstate New York. Viewing all of the evidence that has been introduced in the light most favorable to the government, the prosecution has shown by a "preponderance of the evidence" that part of the crimes charged in Counts 12 and 13—namely the initial transportation of stolen money on September 12, 1983—was committed in

the District of Connecticut. Venue is therefore properly laid in this district.

The defendants place great reliance upon *United States v. Potamitis*, 739 F.2d 784 (2d Cir.), *cert. denied*, 469 U.S. 918, 105 S.Ct. 297, 83 L.Ed.2d 232 (1984), which involved a robbery of an armored car in the Southern District of New York. In *Potamitis*, however, the defendant was convicted as an accessory after the fact, 18 U.S.C. Sec. 3. An accessory after the fact is patently different from a principal or an aider and abettor. Counts 12 and 13 charge that Segarra, Camacho, and Maldonado either aided and abetted the continuing offense of interstate transportation of stolen money or actually perpetrated the same.

*Potamitis* is inapplicable for a second, equally fundamental reason. There, the court applied the first paragraph of the general venue statute. *Id.* at 791. As noted *supra*, this Court does not rely on the first paragraph of section 3237(a). *See also, Infanti*, 474 F.2d at 527; *DeKunchak*, 467 F.2d at 438.

The defendants' reliance on *United States v. Gillette*, 189 F.2d 449 (2d Cir.), *cert. denied*, 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625 (1951), is initially persuasive. In *Gillette*, the defendant was charged in two separate counts with transporting stolen checks from the Southern District of New York to Chicago, and then to Los Angeles. The defendant attended a meeting in the Southern District of New York where he and others planned the initial transportation to Chicago. The Second Circuit ruled that venue was properly laid in the Southern District of New York. *Id.* at 451. With respect to the second transportation from Chicago to Los Angeles, however, the court ruled that venue was improperly laid in the Southern District because "[n]o accessorial acts with respect to transportation of any of the checks to Los Angeles were committed by [the defendant] in the Southern District." *Id.* at 452. The court concluded that the transportation from Chicago to Los Angeles was an entirely separate scheme never envisioned by the defendants while in New York. *Id.*

*Gillette* is both factually and legally distinguishable from the instant case. Here, unlike in *Gillette*, the overwhelming evidence suggests that the defendants always planned to move the stolen money out of the United States. From a legal standpoint, moreover, this Court expressly relies on the continuing offense principle contained in the second paragraph of section 3237(a). Conversely, the court in *Gillette* only vaguely referred to the venue statute. This Court is therefore satisfied that the *DeKunchak, Infanti, Hankish,* and *Melia* decisions are controlling; venue is properly laid in this district.

See also 118 F.R.D. 28.

## CONCLUSION

Wherefore, based on the foregoing, the Court finds that the government has proved by a preponderance of the evidence that the stolen money allegedly transported in interstate commerce, as charged in Counts 12 and 13, came from the District of Connecticut. Accordingly, venue is properly laid in this district. The defendants' motions for judgment of acquittal are denied.

SO ORDERED.

