**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4286**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

HECTOR RUBEN MCGURK, a/k/a Ruben, a/k/a El Mechanico,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  James C. Cacheris, Senior District Judge, sitting by designation.  (3:02-cr-00190-1)

———————————

Submitted:  July 1, 2008          Decided:  August 27, 2008

———————————

Before MICHAEL and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Trevor M. Fuller, FULLER & BARNES, LLP, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Hector McGurk of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana, in violation of 21 U.S.C.A. §§ 841 and 846 (West 1999 & Supp. 2008), and conspiracy to commit money laundering, in violation of 18 U.S.C.A. § 1956 (West Supp. 2008).[*] The district court sentenced McGurk to life imprisonment, and McGurk timely appealed. For the following reasons, we affirm.

McGurk first contends the district court erroneously denied his Fed. R. Crim. P. 33 motion for a new trial. This motion was filed nearly two years after the jury returned its verdict. A motion for a new trial based on newly discovered evidence must be filed within three years of the finding of guilt, and a motion for a new trial based on any reason other than newly discovered evidence must be filed within seven days of the finding of guilt. Fed. R. Crim. P. 33(b)(1), (b)(2). The denial of a Rule 33 motion is reviewed for abuse of discretion. See United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).

McGurk's Rule 33 motion did not raise newly discovered evidence. To the extent McGurk's motion was premised on alleged ineffective assistance of trial counsel, we have held that "a motion for a new trial predicated on ineffective assistance of

---

[*]McGurk was convicted on the drug distribution and money laundering offenses following a second trial. The jury at McGurk's first trial had been unable to reach a verdict on these charges.

-2-

counsel must be brought . . . within seven days of judgment regardless of when the defendant becomes aware of the facts which suggested to [him] that [his] attorney's performance may have been constitutionally inadequate." United States v. Smith, 62 F.3d 641, 648 (4th Cir. 1995). We therefore find no abuse of discretion in the denial of McGurk's Rule 33 motion.

McGurk next contends the evidence was insufficient to support his convictions. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish the defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007), cert. denied, 128 S. Ct. 1917 (2008). In light of these principles, we conclude substantial evidence supported McGurk's convictions.

McGurk next contends the district court improperly admitted the tape recording of a phone call between McGurk and a co-conspirator. McGurk asserts the admission of this evidence

violated the Confrontation Clause because the agent who monitored the phone call allegedly did not disclose his proximity to the co-conspirator at McGurk's first trial and was not available to be cross-examined on this issue at the second trial that resulted in McGurk's convictions.

Because McGurk did not object to the admission of the recording at trial, we review for plain error. See Fed. R. Crim. P. 52(b). McGurk must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even if McGurk satisfies these conditions, we may exercise our discretion to notice the error only "if the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and citation omitted). McGurk fails to identify a testimonial statement that was not subject to cross-examination. See Crawford v. Washington, 541 U.S. 36, 50-51 (2004). We therefore find his claim is meritless.

McGurk next contends the Government committed prosecutorial misconduct by withholding material evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). To obtain relief under Brady, a defendant must show that: (1) the evidence is favorable to the defendant; (2) the prosecution suppressed the evidence; and (3) the suppression was material. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). The materiality standard for

-4-

a <u>Brady</u> claim is not a sufficiency of the evidence test, but rather whether "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." <u>Kyles v. Whitley</u>, 514 U.S. 419, 435 (1995). After reviewing the voluminous trial transcript in light of these principles, we find McGurk's prosecutorial misconduct claim fails.

McGurk next contends the district court improperly denied his motion to dismiss the conspiracy to commit money laundering charge for lack of proper venue. The district court found McGurk's motion, which was filed almost two years after trial, was untimely. The district court's finding was proper. <u>See</u> <u>United States v. Melia</u>, 741 F.2d 70, 71 (4th Cir. 1984) (stating venue objections must be made before trial when defect apparent on face of indictment or otherwise at close of evidence).

Finally, McGurk contends the district court erred in imposing a life sentence. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory guidelines range. It must then consider the resulting range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and determine an appropriate sentence. <u>Gall v. United States</u>, 128 S. Ct. 586, 596-97 (2007).

Appellate review of a district court's imposition of a sentence is for abuse of discretion. <u>Id.</u> at 597; <u>see also</u> <u>United</u>

States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  The appellate court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range."  Gall, 128 S. Ct. at 597.

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence.  Id. "Substantive reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  Pauley, 511 F.3d at 473 (internal quotation marks and citation omitted).  In making this evaluation, this court may presume that a sentence within the Guidelines range is reasonable.  Id.

Here, the district court followed the necessary procedural steps in sentencing McGurk.  It properly calculated McGurk's Guidelines range to be life imprisonment and considered that recommendation in conjunction with the § 3553(a) factors.  We therefore find the imposition of a life sentence on McGurk was procedurally proper and substantively sound.

Accordingly, we affirm McGurk's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>