UNITED STATES of America, Appellee,

v.

Jennifer M. REDFEARN, a/k/a
Jennifer Pinkney, Appellant.

No. 89–5510.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1990.

Decided June 21, 1990.

Rehearing and Rehearing En Banc
Denied July 24, 1990.

Mark F. Marshall, Rapid City, S.D., for appellant.

Robert A. Mandel, Rapid City, S.D., for appellee.

Before LAY, Chief Judge, and WOLLMAN, Circuit Judge, and STUART * Senior District Judge.

* The Honorable WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. 20 U.S.C. § 1097(a) provides that:
   "Any person who knowingly and willfully embezzles, misapplies, steals, or *obtains by* fraud,

STUART, Senior District Judge.

Jennifer M. Redfearn appeals her conviction of two counts of obtaining a student loan by use of a false statement in violation of 20 U.S.C. § 1097(a). Redfearn argues that the District Court [1] erred in (1) failing to dismiss the indictment for lack of venue, (2) failing to give the defendant's proposed instructions on venue and specific intent, and (3) improperly abandoning its neutral and impartial role. We affirm her convictions.

## I. VENUE

Redfearn filled out her loan applications in North Dakota. Upon the University of North Dakota's advice, she applied through Norwest Bank. Norwest selected Educational Assistance Corporation (EAC) of Aberdeen, South Dakota, as its guaranty agency and sent the applications to EAC. Norwest would not pay the loan proceeds to Redfearn until EAC had approved the loans. Redfearn received the funds from Norwest in North Dakota.

Redfearn argues that venue was improper because the crimes were committed in North Dakota and she was indicted and convicted in South Dakota. She argues that the crimes were completed in North Dakota when she filled out her loan applications and willfully failed to list all institutions where she previously obtained loans. Redfearn cites to cases interpreting 18 U.S.C. § 495 and 18 U.S.C. § 1001 to support her contention that the crime was complete once the false statement was made. 18 U.S.C. § 495 and 18 U.S.C. § 1001 prohibit making false statements in any matter within the jurisdiction of any department of the United States. Those statutes do not require that any money actually be obtained. 20 U.S.C. § 1097(a) [2], the statute

*false statement,* or forgery *any funds,* assets, or property provided or insured under this subchapter and part C of subchapter I of chapter 34 of Title 42 shall be fined not more than $10,000 or imprisoned for not more than 5 years, or both; but if the amount so embezzled, misapplied, stolen, or obtained by fraud, false statement, or forgery does not exceed $200, the fine shall not be more than $1,000 and imprison-

under which Redfearn was indicted, prohibits obtaining federally guaranteed funds by making false statements. Therefore, the crime was not complete until Redfearn obtained the loan funds.

█ 18 U.S.C. § 3237(a) provides:

Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

In *United States v. Marchant*, 774 F.2d 888, 891 (8th Cir.1985) this court held that the crime of willfully attempting to evade or defeat tax liability was a continuing offense and under 18 U.S.C. § 3237(a) the government could prosecute the taxpayer in the district where the return was prepared, signed, mailed or filed. This case is analogous. The offense was begun in North Dakota, when the application was filled out, continued in South Dakota when the loan was approved by EAC, and completed in North Dakota when the funds were received. Therefore, we find venue in South Dakota was proper under 18 U.S.C. § 3237(a).

█ Redfearn argues that if the alleged criminal act was not complete at the moment she signed the application in North Dakota, the United States failed to prove an essential element of the crime, that the EAC relied upon Redfearn's application. Redfearn's requested instruction did not list reliance as an element. Redfearn failed to object to this alleged error at trial, and therefore failed to preserve her right to challenge it except for plain error. *United States v. Moeckly*, 769 F.2d 453, 459 (8th Cir.1985), *cert. denied* 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357. The district court found that the false statement was material as a matter of law. We find no plain error.

ment shall not exceed one year, or both." (Em-

## II. JURY INSTRUCTIONS

### A. Venue

█ Redfearn contends that the trial court erred in failing to give her proposed instruction on venue. The trial court found that venue was proper as a matter of law and gave no instruction on venue to the jury. Venue is ordinarily a question of fact for the jury to decide. *See United States v. Eder*, 836 F.2d 1145, 1148 (8th Cir.1988), and *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir.1979). In this case, however, the facts relevant to determining venue were not in dispute. The issue was whether the undisputed facts were sufficient to support venue in South Dakota as a matter of law. This was properly resolved by the trial judge. *See United States v. Netz*, 758 F.2d 1308, 1312 (8th Cir.1985), and *United States v. Massa*, 686 F.2d 526, 531 (7th Cir.1982).

### B. Specific Intent

█ Redfearn's second theory of defense was that she did not have the specific intent to defraud the government. She contends that the court rejected her requested instructions and that the instructions given by the court did not adequately and correctly cover the substance of Redfearn's theory of defense. The court's instruction number 10 instructed the jury as follows:

You are instructed that a statement is 'false' if untrue when made, and known to be untrue by the person making it or causing it to be made. A statement or representation is 'fraudulent' if known to be untrue, and made or caused to be made with the intent to deceive the governmental agency to whom submitted. This would include a statement made to a loan guaranty agency authorized by the government.

You are instructed that the term 'willfully' means to do an act voluntarily and intentionally. An act is done knowingly if the defendant realized what she was doing and did not act through ignorance, mistake, or accident. You may consider the evidence of defendant's acts and

phasis added)

words, along with all the other evidence in deciding whether the defendant acted knowingly.

You are instructed that you should view the element of knowingly and willfully by looking at whether the evidence showed that the defendant knew she was filling out a student loan form falsely. In this regard your focus should be upon the state of mind of the defendant when she completed the application for funds under the student guaranteed loan provision of the federal law.

This instruction correctly advised the jury on the requisite intent and allowed Redfearn to argue her theory of defense, that she had inadvertently omitted the names of the other schools where she had obtained loans.

### III. ABANDONMENT OF NEUTRAL AND IMPARTIAL ROLE

Redfearn cites three instances where she claims the trial court abandoned its neutral and impartial role in this case and thereby deprived the defendant of a fair trial. We have reviewed the record and find nothing improper in the trial court's behavior.

Finding no error, we affirm the judgment of the district court.