**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth COOPER, Defendant–Appellant.**

No. 00–6351.

United States Court of Appeals,
Sixth Circuit.

April 30, 2002.

**40**

Before RYAN, BOGGS, and COLE, Circuit Judges.

### ORDER

Kenneth Cooper, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2000, a jury found Cooper guilty of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g). The court sentenced him to a total of 104 months of imprisonment, plus two years of supervised release. Cooper has filed a timely appeal, arguing that: 1) there was insufficient evidence to support his convictions; 2) the district court improperly instructed the jury concerning venue; 3) the district court improperly instructed the jury concerning the proper use of Cooper's prior convictions; 4) the district court improperly instructed the jury on the proper use of a witness's prior inconsistent statements; and 5) his sentence is improper in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Upon review, we conclude that the government presented sufficient evidence to support Cooper's convictions. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The government presented sufficient evidence that Cooper had a prior conviction punishable by more than one year, that he knowingly exercised constructive possession of the firearms and ammunition, and that the weapons had affected interstate commerce. *See* 18 U.S.C. § 922(g); *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir.1991).

We also conclude that the district court properly instructed the jury. Because Cooper did not object during the trial, we review these alleged errors under the plain error doctrine. *United States v. Sabino*, 274 F.3d 1053, 1070 (6th Cir.2001). First, the district court did not commit plain error with respect to venue. Venue need only be proven by a preponderance of the evidence. *United States v. Crozier*, 259 F.3d 503, 519 (6th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1111, 151 L.Ed.2d 1005 (2002). Here, the record clearly reflects that the government had established venue, despite the trial court's failure to instruct the jury according to Rule 201(g). Several witnesses for the government testified that a search warrant was executed at a residence belonging to Cooper, and that the residence was located in Jackson, Tennessee. Cooper did not dispute the issue of venue during the trial. Although venue is ordinarily a question of fact for the jury, when the relevant facts to determining venue are not disputed, the district court may resolve the matter as a matter of law. *United States v. Redfearn*, 906 F.2d 352, 354 (8th Cir.1990).

Second, the district court did not commit plain error with respect to the use of Cooper's prior convictions. A review of the record clearly reflects that the trial

court instructed the jury to consider Cooper's prior conviction only "for the fact that it exists and for nothing else." This limiting instruction sufficiently protected Cooper's rights. *Spencer v. Texas,* 385 U.S. 554, 561, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (a defendant's rights are deemed protected by a limiting instruction, because a jury is presumed to heed an instruction directing it not to consider a defendant's prior criminal record as evidence of guilt).

Third, the district court did not commit plain error with respect to the use of a witness's prior inconsistent statements. A review of the record reflects that the government had presented adequate evidence to establish that Cooper constructively possessed the firearms and ammunition. The government simply did not present Marshall's prior inconsistent statement concerning ownership of the weapon as substantive evidence. Rather, the statement was presented simply to show that her testimony could not be trusted.

Finally, we conclude that the district court properly sentenced Cooper. In *Apprendi,* the Supreme Court clearly held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Hence, Cooper's reliance on *Apprendi* is misplaced and does not entitle him to relief. Nonetheless, it is noted that Cooper's sentence of 104 months did not exceed the maximum of ten years.

Accordingly, we affirm the judgment of conviction and sentence.