**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roland MARTINEZ, Defendant–
Appellant.**

**No. 01–5762.**

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 2003.

Before KRUPANSKY, SILER and COLE, Circuit Judges.

KRUPANSKY, Circuit Judge.

Defendant-appellant Roland Martinez ("Martinez") has challenged the district court's disposition of his trial, conviction and sentencing for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. Appellant has charged that his conviction constituted an abuse of the constitutional prohibition against double jeopardy and a breach of the Speedy Trial Act. Additionally, the defendant has disputed the denial of his motion to suppress based on new evidence, the limitation of the cross-examination of a government witness, the determination that proof beyond a reasonable doubt supported his conviction, and the imposition of a consecutive rather than concurrent sentence. For the reasons indicated, we affirm the district court's determinations.

On the evening of June 25, 1998, Martinez, Jeffrey Howe ("Howe") and Howe's stepson, traveling together in a rented recreational vehicle (RV), were stopped for speeding by Tennessee Highway Patrolman Kimmy Spann ("Spann"). When Spann requested the driver Howe's identification he detected a strong odor of raw marijuana emanating from the vehicle's open window. Spann's suspicions mounted when he noticed the registration tag on the back window of the RV had been altered, and when Howe provided a hand-written rental agreement as proof of registration of the vehicle. After Howe refused to consent to a search of the vehicle, Spann requested assistance from a canine unit, whereupon the drug detection dog alerted to the RV. Thereupon, officers entered the RV and found several bales of marijuana. Spann placed the occupants into custody. A search of the vehicle disclosed twenty bales of marijuana, amounting to 518 pounds, bundled in Christmas wrapping.

After accepting a plea agreement, Howe explained that in June 1998 Martinez proposed to pay him $10,000 to deliver a load of marijuana from Tucson, Arizona to North Carolina. Martinez provided Howe with the money to rent an RV, the contraband and the names of individuals to contact in North Carolina. When Howe returned from North Carolina with the RV, Martinez suggested that he would accompany Howe on an immediate turn-around delivery to North Carolina. During this second trip officer Spann intercepted the RV and its contents.

Appellant was indicted on July 16, 1998, by a federal grand jury, on one count of possession with intent to distribute approximately 518 pounds of marijuana and one count of conspiracy to distribute marijuana. The case was initially tried from September 2 to September 4, 1998, however the court declared a mistrial on a motion from the defendant prior to submitting the case to the jury.[1] The parties agreed upon a retrial date of December 8, 1998. On September 10, 1998, the government filed a superseding indictment adding an additional count of possession with intent to distribute marijuana.[2]

Immediately prior to the commencement of the second trial on December 8, 1998,

1. The mistrial occurred when the government's witness, Howe, introduced inadmissible evidence during cross-examination.

2. This superceding indictment contained the following three counts: (1) intent to distribute 300 pounds of marijuana on June 9, 1998 in violation of 21 U.S.C. § 841(a)(1); (2) intent to distribute 300 pounds of marijuana on June 25, 1998 in violation of 21 U.S.C. § 841(a)(1); and (3) conspiracy to distribute

the appellant filed a motion to dismiss asserting a violation of the Speedy Trial Act. The district court initially denied this motion. At the close of the trial, the jury found the defendant guilty on all three counts. Nevertheless, on January 20, 1999, the court allowed the defendant to file a supplemental memorandum of law addressing the superceding indictment and its impact upon the speedy trial conflict. On March 23, 1999, the court granted the dismissal, treating the appellant's supplemental memorandum in support of his pretrial motion to dismiss as a motion for reconsideration. The trial court dismissed the superceding indictment of September 10, 1998, without prejudice and Martinez was released from federal custody to the custody of Missouri to face a state charge of possession of marijuana with intent to deliver. On June 25, 1999, the defendant pled guilty to the state charge and received a ten-year sentence.

On February 23, 2000, another three-count federal indictment, identical to the former dismissed superceding indictment, was returned against the appellant. On March 20, the appellant filed a 'Memorandum to the Court,' requesting appointment of legal counsel, file transport, copies of the arraignment and docket sheet, and discovery information, which the court denied, specifically finding that the appellant had not demanded a speedy trial on the federal charges pursuant to the indictment of February 23, 2000. On June 21, 2000 the appellant sent the court a hand-written letter setting out various defenses. While the letter of June 21 contained no specific request for a trial, the court interpreted the letter as a demand for a speedy trial and, on June 27, ordered the appellant returned to the jurisdiction of the federal district court. Prior to the appellant's November 28, 2000 trial, the district court denied Martinez' double jeopardy and speedy trial objections.

Subsequent to the November 28, 2000 trial before the District Court for the Middle District of Tennessee, the jury found appellant guilty of counts II and III of the indictment. On May 11, 2001 the court sentenced Martinez to 120 months on each count to be served concurrently, with 60 months of appellant's sentence to be consecutively served with the Missouri state sentence. Appellant then filed this appeal.

## I. Double Jeopardy Clause

This court reviews *de novo* a district court's denial of a motion to dismiss due to double jeopardy. *United States v. Cameron*, 953 F.2d 240, 243 (6th Cir.1992).

■ Martinez has contended that the February 23, 2000 indictment constituted double jeopardy, because the court dismissed an identical indictment after a jury verdict in his December 1998 trial. The appellant has also argued that because the court's dismissal followed a trial and jury verdict, the court's decision constituted a post-trial substantive disposition and not a procedural error. The trial court predicated its dismissal of Martinez's December 1998 jury conviction on the singular procedural error noting that the date when the trial commenced was beyond the date mandated by the Speedy Trial Act.[3] Thus,

---

marijuana on June 25, 1998 in violation of 21 U.S.C. § 846. Count I was added to include the first cross-country delivery made by Howe and his stepson under the appellant's orchestration and financing.

**3.** Under the Speedy Trial Act, an indictment must be filed within thirty days from the date on which a defendant is arrested, see 18 U.S.C. § 3161(b), and the trial must commence within seventy days of the filing date of the indictment. See 18 U.S.C. § 3161(c)(1). In the instant case, the government obtained the superceding indictment on September 10, 1998, and Martinez's trial commenced 90 days later, on December 8, 1998.

the trial court's decision to dismiss the indictment without prejudice was compelled by the mathematical requirements of the Act and, in no way, addressed the substantive merits of the case. This panel agrees with the district court's determination that, "[d]espite the awkward procedural posture of this case ... there is no double jeopardy bar to a retrial on the present indictment." J.A. at 74.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Clause protects against multiple prosecutions and multiple punishments for the same offense. While defendants may successfully invoke double jeopardy when indicted on charges identical to charges previously dismissed because of a lack of evidence, courts have consistently refused to find a violation of the Double Jeopardy Clause under circumstances, as in the case *sub judice*, involving the reversal of a conviction and dismissal of an indictment based *solely* on procedural error.

The United States Supreme Court permits a defendant's retrial when a "conviction is set aside because of an error in the proceedings leading to conviction." *United States v. Tateo*, 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *see Ball v. United States*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) (court's dismissal of a conviction because the indictment failed to contain the time and date of the crime was not a dismissal on the merits but a procedural error permitting a retrial of defendants). In *Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Court found the Double Jeopardy Clause precluded retrial once an appellate court determined that the evidence introduced at trial was *insufficient to sustain a verdict*, noting the legally separate circumstances of a reversal predicated on procedural error which, "implies nothing

with respect to the guilt or innocence of the defendant."

In the case *sub judice*, the district court's March 23, 1999, dismissal was entirely independent of the substantive factual merits of the case. Not only was sufficient evidence presented to prove appellant's guilt, but a jury had already returned a guilty verdict before dismissal of the case as a result of procedural error. Moreover, the district court adjudicating the dismissal did so without prejudice, acknowledging the posture of the case and permitting the government to seek another indictment.

Additionally, appellant's reliance on *United States v. Johnson*, 120 F.3d 1107 (10th Cir.1997) and *Rashad v. Burt*, 108 F.3d 677 (6th Cir.1997), has merely served to confirm the district court's determination. In *Johnson*, the court dismissed appellant's indictment as violating the Speedy Trial Act. The court's sole reference to considerations of double jeopardy was the confirming observation that, "[i]f the evidence is not sufficient to support the conviction, the Double Jeopardy Clause would bar a retrial." *Id* at 1108, fn. 1. In the instant case, the sufficiency of the evidence is beyond cavil.

In *Rashad*, arresting officers discovered cocaine in petitioner's house and, a week later, in his car, which police had impounded after the residential search. Rashad was tried in state court, in separate proceedings, based on the cocaine discovered in the different locations. The court framed the issue in *Rashad* in terms of whether the defendant had committed one, as opposed to two discrete violations of the same statute. However, in the instant case, the issue was whether Martinez had been charged twice for the same or different crimes not whether the same evidence was being used for two separate and simultaneous indictments. Moreover, this

court has concluded that *Rashad* was limited to its *unique* facts. *United States v. Forman*, 180 F.3d 766, 769 (6th Cir.1999) (holding that a defendant previously acquitted of obstruction of justice and criminal contempt could be subsequently tried for theft of government property and conversion, even though both prosecutions arose from the same underlying conduct); *see also Murr v. United States*, 200 F.3d 895, 901 (6th Cir.2000).

## II. Interstate Agreement on Detainers and the Speedy Trial Act

This court reviews *de novo* a district court's interpretation of the Speedy Trial Act while reviewing the factual determinations for clear error. *United States v. O'Dell*, 247 F.3d 655, 674 (6th Cir.2001).

The appellant has, first, contended that his letter of June 21, 2000, should have been considered as a request for a final disposition, triggering the deadlines enunciated in the Interstate Agreement on Detainers ("IAD").[4] Accordingly, appellant has averred that the district court's failure to set trial within 180 days after the defendant's request for final disposition necessitated a reversal of appellant's conviction.

The facts of the instant case do not support appellant's claim. Martinez' March 20, 2000 memorandum requested a copy of his docket sheet, copy of the arraignment or information relied upon by the government, permission to bring his legal files, appointment of counsel and discovery information. J.A. at 21. Appellant's letter of June 21, 2000 requested the court for help in assigning him an attorney, furnishing him with a copy of the charges, and ensuring the delivery of his mail. J.A. at 37. Neither document sufficed as a request for a final disposition of the case under the IAD.

This circuit has determined that petitioners are required to strictly comply with the IAD procedures in order to trigger the 180–day provision of Article III. In *Norton v. Parke*, 892 F.2d 476, 481 (6th Cir.1989), the court concluded that no dismissal was warranted when the petitioner failed to formally invoke the IAD. The court proposed an exception to this rule only in the rare circumstance of inaccessibility, such as where the IAD forms were *deliberately* withheld: "When the prisoner has done everything possible to comply with the IAD, and it is the custodial state that is responsible for the prisoner's default, then strict compliance with the IAD may not be required." *Id.* at 481. *See also Nash v. Jeffes*, 739 F.2d 878 (3d Cir.1984), *rev'd sub nom Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). The court noted that judicial efficiency was best served by the rule that a prisoner must strictly comply with IAD procedures

---

4. In pertinent part, the Interstate Agreement on Detainers Act, 18 U.S.C.App. 2, Article III, states as follows:

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint.

(d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against the prisoner from the State to whose prosecuting official the request for final disposition is specifically directed.

before any untimely or unlawful actions brought against him may be dismissed.

■ In compliance with *Norton,* this court reviews the record in the instant case to determine the sufficiency of the appellant's efforts to properly invoke the IAD, alternatively, to consider if appellant was prevented from conforming to its provisions. Neither Martinez's memorandum of March 20, 2000 nor letter of June 21, 2000 to the court specifically invoked the IAD, nor even requested a trial. The record in the case *sub judice* has indicated that at no time did Martinez comply with the IAD formalities necessary to trigger the 180–day provision. Nor was Martinez deterred from following IAD strictures. Consequently, we affirm the district court's determination.

■ Martinez has, additionally, challenged the district court's conclusion that his prosecution did not violate the Speedy Trial Act or his Sixth Amendment right to a speedy trial.[5] Appellant has specifically contended that his trial should have commenced on June 2, 1999, because the present indictment duplicates the indictment dismissed on March 23, 1999. Appellant's claim is fatally flawed. The time period set forth in 18 U.S.C. § 3161(c)(1) commenced to accrue on October 4, 2000, the date the defendant was arraigned on the new indictment. Under Sixth Circuit precedent, as the district court recognized, the time period commenced to accrue anew upon the issuance of the subsequent indictment because the prior charges were dismissed without prejudice. *See United*

*States v. May,* 771 F.2d 980, 982–83 (6th Cir.1985). As stated in *United States v. MacDonald,* 456 U.S. 1, 8–9, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), "[o]nce charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation." *See also United States v. DeClue,* 899 F.2d 1465, 1468 (6th Cir.1990). Because the charges against the appellant were dismissed on March 23, 1999 without prejudice, the district court's determination, denying appellant's motion for dismissal of the indictment as a violation of the Speedy Trial Act and the Sixth Amendment right to a speedy trial, must be affirmed.

### III. Newly discovered evidence

This court reviews the denial of a motion to suppress for clear error on the district court's findings of facts and *de novo* for its conclusions of law. *United States v. Johnson,* 242 F.3d 707, 709 (6th Cir.2001).

Appellant has maintained the burden of proving probable cause to stop Howe's RV rested upon the credibility of officer Spann's testimony. Some time after appellant's second trial, Spann was forced to resign from the Tennessee State Highway Patrol as the result of a separate, unrelated, incident.[6] The government disclosed this incident to the court and appellant, but maintained that Spann's misconduct held no probative value with regard to his credibility in the instant case, concluding that the prejudicial effect of the incident

---

5. The Speedy Trial Act requires that the appellant's trial commence within 70 days of the date of arrest, filing of an indictment or information, or arraignment. 18 U.S.C. § 3161(c)(1). The district court must dismiss the indictment upon motion of a defendant if after computing all nonexcludable days, more than 70 days have passed.

6. Sometime after the second trial, Spann stopped a woman for speeding. The woman stated she would do anything to avoid getting a ticket. She then provided oral sex to Spann, who nonetheless issued the woman a citation. The woman hired an attorney who filed a complaint against Spann with the Tennessee Highway Patrol. Spann never denied that the incident occurred. J.A. 208–210.

outweighed its probative value. J.A. at 208. Appellant filed an untimely motion to admit evidence of officer Spann's unrelated conduct, contending that the new information placed the trooper's credibility in question. The court conducted a hearing on the issue to determine the probative value of the evidence and the credibility of Spann. J.A. at 111.

■ Accordingly, the court concluded officer Spann's testimony was credible and that the probative value of his testimony outweighed its prejudicial implications. The evidence indicated that Howe and appellant were stopped for speeding in a construction zone, that after stopping the RV, Spann detected the strong odor of marijuana and requested a canine support unit when Howe refused to consent to a search of the vehicle. J.A. at 120, 138. The evidence indicated no impropriety in Spann's conduct with regard to the traffic stop. Consequently, we affirm the district court's decision to limit the appellant's efforts to introduce testimony concerning an irrelevant incident attributed to officer Spann's conduct during the traffic stop that precipitated the instant case.

## IV. Exclusion of evidence

This court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Langan,* 263 F.3d 613 (6th Cir.2001).

Martinez has challenged the district court's decision to limit the cross-examination of government witness Howe concerning his drug use and to exclude evidence of Howe's prior criminal conviction. Specifically, Martinez averred that the court erred in granting the government's Motion in Limine to prevent introduction of evidence that Howe had violated his supervised release by using cocaine or evidence pertaining to Howe's prior three year probationary sentence under Arizona law for cocaine use. J.A. at 105–107.

The Sixth Amendment guarantees a defendant the right to be confronted with the witnesses against him. U.S. Const. amend. VI. The right to confrontation includes the right to conduct reasonable crossexamination. *Davis v. Alaska,* 415 U.S. 308, 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

■ In the instant case, the district court did not abuse its discretion when it limited Martinez to testimony exploring Howe's credibility, perception and memory during the period of appellant's drug distribution efforts. In granting the government's Motion in Limine, the district court permitted appellant to probe Howe's specific credibility by questioning his use of drugs during the period he implicated Martinez. J.A. at 105. *See Davis v. Alaska,* 415 U.S. 308 at 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (distinguishing between a general attack on the credibility of a witness and a particular attack on a witness' bias or prejudice, with only the latter compelling constitutional protection). By limiting the cross-examination of Howe's drug use to the period of appellant's offense, the court reinforced the relevancy and clarity of the issues. *See Boggs v. Collins,* 226 F.3d 728, 736 (6th Cir.2000) (The Confrontation Clause "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."). Moreover, the court did allow cross-examination on drug use during the instant offense and Howe's testimony with regard to the events was clear and consistent with the government's evidence. Finally, where bias may have been a relevant issue, as regarding any deals Howe had struck with the government, the district court encouraged cross-examination by the appellant.

Additionally, the district court did not abuse its discretion when it excluded Howe's Arizona state court sentence of three years probation as irrelevant to his specific credibility concerning his participation in the offense. The district court's determination accorded with this court's observation in *United States v. Lanier*, 33 F.3d 639, 657 (6th Cir.1994), *vacated on other grounds*, 43 F.3d 1033 (6th Cir.1995), that a witnesses' use of drugs is relevant only to his ability to perceive the underlying events and to be able to testify lucidly at trial. Moreover, under Fed.R.Evid. 609, relied upon by the appellant, cross-examination and the proffered evidence to impeach a witness is permitted where "the crime is punishable by death or imprisonment in excess of one year." The exclusion of testimony regarding Howe's probationary sentence was not inconsistent with Rule 609, nor did the Rule require its introduction.

### V. Sufficiency of the evidence to support conviction

This court reviews a claim of insufficient evidence *de novo*. *United States v. Wuliger*, 981 F.2d 1497, 1509 (6th Cir.1992), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994). In reviewing a claim of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir.2001), quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Martinez has contended that his conviction for the possession of 518 pounds of marijuana was not supported by proof beyond a reasonable doubt, because nine of the twenty bales of contraband confiscated from the RV were not tested and there was no proof that the unopened bales contained marijuana, or were weighed without their packaging. Because there was sufficient evidence for the jury to find against the appellant beyond a reasonable doubt, the district court's determination is affirmed.

First, the district court ruled that testimony regarding the weight of the marijuana without the packaging was relevant. J.A. at 131. Nevertheless, the difference in weight was negligible and would certainly not undermine the sufficiency of the proof against the appellant. In this regard, officer Spann testified that none of the bales were unwrapped prior to weighing and that the material used to package the marijuana consisted of either extremely thin Christmas wrapping or shelf paper. J.A. at 129, 130. Moreover, Howe testified that he and appellant loaded twenty bales of marijuana into the RV, each weighing from 20 to 30 pounds. J.A. at 150. Finally, the DEA agent present during the confiscation of the contraband testified that the twenty bales were weighed together and totaled 518 pounds. J.A. at 169.

Second, the evidence also indicated that the random samples taken from the bales provided sufficient proof of the nature of the contraband. The DEA agent testified to taking eleven random samples and placing these samples in evidence bags which were then sealed, boxed and mailed to the regional laboratory. J.A. at 172. Additionally, the DEA agent followed DEA procedures and regulations for dealing with bulk amounts in extracting random samples from the entire lot of at least ten grams with one sample amounting to a kilogram. J.A. at 180. The consistent trial testimony proved beyond a reasonable doubt that the entire lot was marijuana that weighed more than 500 pounds.

Finally, Appellant has averred that because the jury found the proof insufficient

to convict him of Count I of the indictment, involving the June 9, 1998 delivery of marijuana, the proof must also be insufficient to find him guilty of conspiracy to distribute marijuana on June 25, 1998. However, evidence that Martinez provided the funding, the contacts and the contraband was sufficient to prove the existence of possession and conspiracy under the remaining counts. Moreover, this court has consistently maintained that, in a jury trial, "inconsistent verdicts provide no basis for reversal." *United States v. Crozier,* 259 F.3d 503, 518 (6th Cir.2001) (quoting *United States v. Gaitan–Acevedo,* 148 F.3d 577, 586 (6th Cir.1998)).

## VI. Imposition of consecutive sentences

This court reviews a lower court's decision to impose consecutive or concurrent sentences for abuse of discretion. *United States v. Lawson,* 266 F.3d 462, 467 (6th Cir.2001).

The district court sentenced Martinez to the minimum mandatory time of 120 months, with half the sentence running concurrently with appellant's already imposed state sentence. Appellant has urged that his entire sentence should have run concurrently with his Missouri state sentence.

■ The district court had the discretion to impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Additionally the court may consider "any other circumstance relevant to the determination of an appropriate sentence for the instant offense." Application Notes at 3(d). During appellant's sentencing hearing the district court considered Martinez's lack of remorse and contrition, in supplying more than sufficient reasoning to support its determination. This court, therefore, affirms the district court's decision to impose a partially consecutive sentence on Martinez.